# Jackson *v.* Harris.

*Bill in Equity by Ward to set aside Settlement with Deceased Guardian.*

1. *Settlement between guardian and ward; burden of proof.*—When a guardian makes a settlement with his ward shortly after the latter has attained his majority, or procures from him a receipt in satisfaction of a decree rendered on final settlement of his accounts, he takes upon himself the *onus* of proving that he fully communicated every fact within his knowledge calculated to influence the conduct of the ward, and obtained nothing from him without his free consent, given with full knowledge of all facts bearing on his rights.

2. *Same; equitable relief against; laches.*—When the ward seeks in equity to set aside and avoid a settlement between him and his guardian, or a receipt and discharge given by him to his guardian shortly after attaining his majority, he must act with diligence, or give a satisfactory excuse for any delay in asserting his rights. In this case, the bill being filed after the death of the guardian, and nearly ten years after the settlement; it appearing that the parties lived near each other, maintained intimate relations, and had frequent business transactions with each other, up to the death of the guardian; no complaint of the settlement being made during the life of the guardian, and no satisfactory reason for the delay being alleged or proved; *it was held,* that the delay was fatal to the bill, even if the case made by the bill were fully proved.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 1st May, 1877, by Fletcher M. Jackson, against the widow and children of his deceased guardian, Samuel W. Harris; and sought to subject a tract of land particularly described, and alleged to have been conveyed by said Harris, by deed of gift, dated the 22d February, 1875, to his wife and children, to the satisfaction of a decree for $2,258.79, rendered against said Harris, on final settlement of his accounts as such guar-

[Jackson v. Harris.]

dian, by the Probate Court of said county, on the 2d May, 1867. The bill alleged, that this decree was unsatisfied ; that the deed of gift embraced all the property, real and personal, of which Harris was then seized and possessed ; that he died in October, 1875, intestate, and insolvent ; and that no administration had been granted on his estate, as there were no assets to administer.

The defendants answered the bill, and alleged that the complainant's decree had been fully paid and satisfied, as shown by a receipt, which they produced, and which was in these words : "Received of Samuel W. Harris, guardian of the minors of Andrew Jackson, deceased, the following notes, as a final settlement of all claims against said S. W. Harris as my guardian : One note against R. P. Lockhart, for $1,126.56, with interest on same, 6 yrs. and 4 mos., $711.45 ; payment with interest, Jan., '66, $14.38 ; one note on J. A. Allen, for $505.09 ; interest, 1 yr. and 4 mos., $45.77 ; amount of claims against S. W. Harris as guardian, $2,258.79 ; remainder over due S. W. Harris from settlement, $115.70." (Signed by said F. M. Jackson, and dated May 2d, 1867.) An amended bill was afterwards filed, alleging that this receipt was not true in its recitals ; that the complainant had never received the notes therein specified, nor collected the money due on them ; that the receipt was given when the complainant "had just arrived at the age of twenty-one years," and that the decree was still unsatisfied. The defendants answered the amended bill, denying its averments as to the receipt, and asserting its correctness and conclusiveness. An administrator *ad litem* of the estate of said Harris was appointed, and put in a formal answer, denying the allegations of the bill.

On final hearing, on pleadings and proof, the chancellor dismissed the bill, holding that no reason was shown for setting aside the receipt ; and his decree is now assigned as error.

JNO. M. CHILTON, for appellant.

W. J. SAMFORD, and H. C. LINDSEY, *contra.*

STONE, J.—There is a good deal of testimony in this record, which we feel it our duty to disregard, under section 3058 of the Code of 1876. Leaving out of view the testimony thus ascertained to be illegal, there is no real testimony showing the circumstances under which the settlement of May 2d, 1867, was made, and the receipt of that date given. Harris, the decedent, was the guardian of Jackson, the com-

plainant. ˙ Jackson became of age in April, 1867 ; and on the 2d day of May, 1867, Harris came to a final settlement of his guardianship, and there was decreed to complainant the sum of $2,258.79. On that day, Jackson executed a receipt, acknowledging to have "Received of Samuel W. Harris, guardian of the minors of Andrew Jackson, deceased, the following notes, as a final settlement of all claims against said S. W. Harris as my guardian." Then follows a description of two notes, one on Lockhart, and the other on Allen ; the two amounting to something more than the face of the decree. The receipt shows the true amount, $2,258.79, as due from Harris, guardian, to Jackson, his ward. Lockhart paid his note to Jackson, mostly in a tract of land, deeded and conveyed to him, and the small balance in money. Jackson kept and occupied the lands one or two years, and then re-sold them to Lockhart, at a considerable loss. Part of the note on Allen was collected by Jackson. The balance was compromised, and whether the sum realized in the compromise was ever paid to Jackson, the testimony does not inform us. The present bill is filed to vacate and set aside the settlement evidenced by Jackson's receipt, and to collect said probate decree. The effort is to collect it out of lands descended to the heirs of Harris.

Harris, the guardian, and Jackson lived near each other, ever after the settlement, until Harris' death, in October, 1875. They were on intimate terms, and had money. dealings, some of relatively large amounts. At Harris' death, he owed Jackson a borrowed-money debt of a thousand dollars. This was demanded and collected from the family of Harris, while Jackson asserted no claim to the money decreed to him, until he filed this bill in May, 1877,—ten years, less one day, after he had given his receipt. During all that time, he had claimed nothing as due him in virtue of the guardianship ; dealt freely with his former guardian ; proved his confidence in him in many ways, and was heard to say, several years after the settlement, his guardian had dealt honorably by him. The death of Harris, the guardian, has rendered it impossible to make proof, which, it must be supposed, could have been made, if this litigation had come off during his life-time.

A guardian, dealing with his ward shortly after the latter becomes of age, takes upon himself the *onus* of proving that he dealt fairly, made full communication of every fact within his knowledge, calculated to influence the conduct of the latter, and that he obtained nothing from him without his free consent, given after receiving full information of all facts, bearing on his rights and the extent of them. This the

law exacts, as a necessary protection of a class of persons liable to be made the victims of the artful. But the law, in this class of cases, as in all others, requires diligence of parties who invoke its remedial aid. In *Southall v. Clark*, 3 Stew. & Por. 338, the advantage taken of the ward by his guardian, according to the averments of the bill in that case, was much greater than that charged in this case. The guardian had married the ward's mother. The bill was filed a little more than ten years after the settlement in which the fraud was charged. This court said: "More than ten years had elapsed from the date of that settlement, before relief was sought, and, then, no peculiarity of circumstances is shown, why the complainant was so slow in becoming correctly informed as to his rights." Relief was denied on that ground. C. J. LIPSCOMB, in his opinion in that case, quoted approvingly the case of *Meridith v. Nichols*, 1 A. K. Mar. 595, in which the advantage obtained was much grosser than that charged in this case, and yet the court denied relief, on the ground that the bill was not filed until seven years after the settlement it sought to vacate.—See, also, *Caldwell v. Gillis*, 2 Por. 526; *Myer v. Rives*, 11 Ala. 760; *Ferguson u. Lowery*, 54 Ala. 510; *Malone v. Kelly, Ib.* 532.

We think the present bill, and the evidence in this record, each fails to show a satisfactory reason for such long delay in the commencement of the suit; and for that reason, the bill was rightly dismissed. There is even doubt if the case is sufficiently made out, aside from the delay in filing the bill.

Affirmed.