# Willis *v.* Rice, *et al.*

*Bill to Require Settlement by Guardianship.*

(Decided Nov. 26, 1908. Rehearing denied Dec. 14, 1909.
48 South. 397.)

1. *Limitation of Action; Period; Exceptions; Absence from State.*—Section 2805, Code 1896, is expressly confined to limitations provided for in chapter 72, in which it occurs, and has no application to chapter 16, section 761, Code 1896, although section 674, Code 1896, extends the provisions of the Code as to limitations of civil suits to suits commenced by bills in chancery.

2. *Same; Fraud; Sufficiency of Allegation.*—The allegation of fraud in making final settlement and procuring an acknowledgment thereof from the ward by the guardian, and that the ward did not know of the fraud, until the guardian was discharged, and that the bill was filed within a year after the discovery of the fraud, was sufficient to bring the bill within the purview of section 2813, Code 1896.

3. *Guardian and Ward; Transactions Between; After Majority.*—Equity will not permit transactions between guardian and ward to stand unless the fullest deliberation by the ward and the utmost good faith of the guardian is shown, even when they occur after the majority of the ward, if the period intervening is short, since the latter's influence is presumed to affect the transaction, especially if all of his duties have not ceased. So, the guardian cannot procure an

[Willis v. Rice, et al.]

acknowledgment of settlement from his ward, and a written declaration to the probate court to discharge the guardian, shortly after the majority of the ward, without a just and full account or disclosure of the true condition of the accounts.

4. *Same; Settlement; Burden of Proof.*—The burden is on the guardian to show that he dealt fairly with the ward and fully communicated every fact which might affect her assent to the settlement, in an action between the ward and guardian to set aside a settlement made shortly after majority.

5. *Same; Payment of Interest.*—Where a guardian made a partial settlement in 1891 and made no settlement afterwards and was discharged in 1898 upon acknowledgment of full settlement, procured from the ward, the guardian was chargeable with simple interest on all funds held after partial settlement.

6. *Pleadings; Conclusiveness on Pleader.*—Where the guardian charged himself with interest on an item from the same period as claimed by the ward and allowed by the register, in his statement of his account attached to his answer, he is bound thereby, and cannot thereafter claim that interest should have been allowed for a less period.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Kate Rice and others against Byrd C. Willis to require a settlement of guardianship accounts. Decree for complainants and respondents appeals. Affirmed.

INGE & ARMBRECHT, and HAMILTON & THORNTON, for appellant. The final settlement between the guardian and ward is conclusive in the absence of fraud.—*Meyer, et al. v. Rives,* 11 Ala. 760; *Randel v. Wadsworth,* 130 Ala. 637; *Malone v. Kelly,* 54 Ala. 532; *Ferguson v. Lowery,* 54 Ala. 510. Two years' acquiesence in the final settlement, in the absence of fraud, is conclusive on the ward.—*Almon v. Owen,* 31 Ala. 167; *Moore v. Leseur,* 33 Ala. 237; *High v. Snedicor,* 57 Ala. 403. A judgment or decree by consent is conclusive, and a bill to review will not lie in the absence of fraud.—*McDonald v. Pearson,* 114 Ala. 638 (Attorney's Brief); 11 Ency P. & P. 1028. The ward having attained majority may make a settlement of the guardianship without resort-

ing to the courts if they choose to do so, and if free from fraud or mistake is conclusive and binding.—15 Vol. (2 Ed.) Am. & Eng. Ency. Law, 87 note 3; *Vaughan v. Bibb,* 46 Ala. 153; *Motley v. Motley,* 45 Ala. 555; *Motley v. Leophart,* 47 Ala. 257; *Wise v. Norton,* 48 Ala. 214; 25 Cen. Digest, p. 780, Sec. 546. "A valid release from the ward, absolving the guardian from all liability to account for his guardianship and his acceptance of the consideration of the release in satisfaction, bars him of all right to call the guardian to account."—*Satterfield v. John,* 53 Ala. 127. "Such a receipt is a full discharge of all the parties on the guardian's bond and may be pleaded in bar of any decree in the probate court against the guardian on his final settlement."—*Motley v. Motley,* 45 Ala. 555; 75 Ala. 555.

ERWIN & MCALDER, for appellee. Counsel discuss assignments of error, but without citation of authority.

DENSON, J.—The purpose of this litigation is to compel Byrd C. Willis, guardian of complainants, Mrs. Kate Rice (nee Brasfield) and Sallie Brasfield, to make settlement of his accounts as such guardian. Willis became guardian of complainants, by appointment of the probate court of Greene county, when they were infants of tender years. The guardianship was subsequently removed to Mobile county, where the guardian had taken up his residence. Said guardianship continued through the period of the wards' minority.

The bill shows that an annual or partial settlement was made of his accounts by the guardian on the 10th day of April, 1891, on which settlement a decree was rendered against him in favor of each of the wards. Kate attained her majority on August 6, 1898, and the bill avers that on December 17, 1898, the guardian had her to sign a written instrument acknowledging full

settlement with her of his accounts as guardian, and asking that the probate court discharge him as her guardian. On January 1, 1900, Sallie came of age; and it is averred that on the 21st of May, 1900, Willis had her to sign an instrument similar to that signed by Kate. It is charged in the bill that the guardian had each of said instruments filed with the judge of probate in Mobile county, and induced the court to enter, on the 19th of December, 1898, without any notice to Kate, a decree discharging him as such guradian of her estate, and likewise induced the court to enter, on June 6, 1900, similarly, a decree discharging him as such guardian of Sallie's estate.

This is the third time the cause has appeared in this court on appeal. On the first appeal we held the bill sufficient in its averments in respect to fraud practiced upon or undue advantage taken of complainants by the guardian in procuring them to sign the written instruments referred to, and touching this phase of the case we used the following language: "There is no merit in the assignment that it is not shown how the respondent took advantage of the complainants in the matter of signing the paper acknowledging full settlement. His relation was one of the greatest confidence and trust, and called for the utmost of good faith.. It was his duty to fully inform them of their rights in all respects. It charged that he took advantage of their youth and inexperience and of his influence over them in getting them to sign the paper, which, they further charge, was untrue in its statements. This was sufficient. They were his wards from tender years, and had lived with him and grown up under his care and control; and it requires no effort to understand how easily they might be influenced by him against their interests."—*Willis v. Rice*, 141 Ala. 168, 37 South. 507, 109 Am. St. Rep. 26. But

it was also held on that appeal that "a bill to impeach a decree for fraud, though not within the terms of the statute which bars a bill of review after a lapse of three years, must by analogy be governed by the same limitations"—citing *Gordon's Adm'r v. Ross,* 63 Ala. 363. The bill was filed June 25, 1902, and it was held that no sufficient reasons were then shown in the bill to re· lieve it from the bar of three years as to complainant Mrs. Rice; and, a demurrer presenting that point having been overruled by the chancellor, the decree was reversed, and a decree was here rendered sustaining the ground of the demurrer to the bill.

On the return of the cause to the chancery court the bill was amended to meet the ground of the demurrer just alluded to; and from a decree overruling the demurrer refiled to the bill as amended the respondent again appealed, and assigned the decree as error. The amend· ments made to the bill proceeded upon two theories, viz., lack of knowledge on the part of Mrs. Rice of the alleged fraud, and absence from the state of the respondent. The cause, on the second appeal, was considered with respect to the latter of the above theories only, and we held that the amendment to the bill brought Mrs. Rice's cause of action within the saving clause of the statute (Code 1896, § 2805).—*Willis v. Rice* 39 South. 991. That section is in this language: "When any person is absent from the state during a period within which a suit might have been brought against him, the time of such absence must not be computed as a portion of the time necessary to constitute a bar under this chapter."

While the construction we have placed upon the averments of the bill in respect to their sufficiency to bring the case within the saving influence of the section of the Code cited is sound, yet we are inclined to think, with appellant's counsel, that the statute cannot be applied

to a case like the one in hand, and that we fell into error
in so applying it on the former appeal.   The reason for
its nonapplication is, as suggested by appellants' coun-
sel:   The statute ex vi termini is confined in its appli-
cation to limitations provided for in the chapter of the
Code in which it is found (chapter 72).   The statute of
limitations which, on the first appeal, was held to apply
by analogy to this cause, is section 761, c. 16, Code of
1886, and the exception provided for by section 2805,
being confined to limitations enumerated in chapter 72,
therefore, cannot be ingrafted upon section 761 in an-
other chapter.   This conclusion is not affected by section
674 of the Code of 1886, which is in this language:
"The provisions of this Code, prescribing the time within
which civil suits must be commenced after the cause of
action has accrued, apply to suits commenced by bill in
chancery."

While the effect of this section, of course, is to apply
the statute of limitations, it also makes operative all
exceptions, on such statutes ingrafted, which might
properly be applied in a court of law.   We have seen
that the exception under consideration, being confined
to limitations provided for in chapter 72, cannot be
extended to limitations prescribed in another chapter;
and this must be true, whether the action is pending in
the chancery court or in a court of law.   Moreover, sec-
tion 761 is an express provision for limitations of ac-
tions in the chancery court, and operates independently
of section 674.   These considerations were not suggest-
ed by counsel on the former appeal, nor did they occur
to the court.

However, the foregoing considerations and conclu-
sions are not conclusive of Mrs. Rice's right to maintain
the bill, if the first theory—lack of knowledge of the
fraud practiced—is sufficiently pleaded and proved.

[Willis v. Rice, et al.]

The bill is amply sufficient in its allegations of fraud; and it was so held on the first appeal. The amendments made to the bill by the additions of sections 12, 13, and 14 clearly point out that Mrs. Rice was not aware of the facts constituting the fraud relied on until after the decree discharging the guardian had been entered. It is also shown that the bill was filed within a year after discovery of the alleged fraud. In this state of the case section 2813 of the Code of 1896, which extends the time within which actions seeking relief on the grounds of fraud must be brought within one year after the discovery of the fraud, saves the cause of action from the statute of limitations so far as the pleading is concerned.

In all the realm of administrative law perhaps, no principle is more clearly stated or freer from diverse decisions than the one which controls in determining the validity of transactions between guardian and ward before a final settlement; and, as approvingly said by one of our great Chief Justices (Brickell), "it is not, perhaps, capable of clearer or more accurate statement than is expressed by Judge Story: 'Courts of equity will not permit transactions between guardians and wards to stand, even when they have occurred after the minority has ceased, and the relation become thereby actually ended, if the intermediate period be short, unless the circumstances demonstrate, in the highest sense of the terms, the fullest deliberaton on the part of the ward and the most abundant good faith (uberrima fides) on the part of the guardian. For in all such cases the relation is still considered as having an undue influence upon the mind of the ward, and as virtually subsisting, especially if all the duties attached to the situation have not ceased, as if the accounts between the parties have not been fully settled, or if the estate still remains in some sort under the control of the guardian." 1

Story's Eq. § 317; 2 Pomeroy's Eq. Juris. § 961; *Ferguson v. Lowery,* 54 Ala. 510, 25 Am. Rep. 718; *Jackson v. Harris,* 66 Ala. 565; *Voltz v. Voltz,* 75 Ala. 555.

Taking from the wards the receipts in full, and obtaining from them directions in writing to the judge of probate to discharge the guardian as on final settlement, were acts "into which it was the sacred duty of the guradian not to invite the ward, without a just accounting and full settlement, or the disclosure of every fact necessary to inform the ward of all with which she was parting, and then committing it to her uninfluenced will" whether she would give the receipt and direction or not.—*Ferguson v. Lowery,* 54 Ala. 510, 514, 25 Am. Rep. 718. The guardian in this case carries the burden of proving that he dealt fairly, that he made full communication of every fact within his knowledge calculated to influence the conduct of his wards, and that he obtained nothing from them without their free consent, given after receiving information of all facts bearing on their rights and the extent of them. "This the law exacts, as a necessary protection of a class of persons liable to be made the victims of the artful."—*Jackson v. Harris,* 66 Ala. 565, 567; *Harraway v. Harraway,* 136 Ala. 499, 506, 34 South. 836.

In the light of these principles it is impossible, we think, to read the evidence in this case and reach any reasonable conclusion other than that the circumstances disclosed as attending the procurement of the receipts from the wards, together with their written directions for the entry of the decrees discharging the guardian, stamp as voidable the transaction which culminated in the decrees in question, upon dissent seasonably expressed by the wards. We are also of the opinion that the evidence supports the allegations of the bill to the effect that Mrs. Rice did not discover the facts constituting

the alleged fraud until within one year before the bill was filed. It was held on the first appeal that Sallie Brasfield is not barred. Consequently the chancellor correctly decreed that a reference should be had for a stating of the guardian's accounts.

On the reference held by the register, the statement of the account between the guardian and his wards showed a large amount as being due from the guardian to each of the wards. The chancellor overruled exceptions filed by the respondent to the report, and confirmed it. The only questions remaining for consideration relate to the exceptions overruled by the chancellor.

The account as stated by the register begins with the amounts ascertained to be due the wards on the partial settlement had on the 10th of April, 1891. No subsequent settlements were made by the guardian; and for this reason alone the register was warranted in charging him with simple interest on all funds held in his hands after that settlement.—*Bryant v. Craig,* 12 Ala. 354; *Smith v. Kennard,* 38 Ala. 695, 702; *Calhoun v. Calhoun,* 41 Ala. 369; *Childress v. Childress,* 49 Ala. 237; *Thompson v. Thompson,* 92 Ala. 545, 9 South. 465.

The register reported that the respondent was not guilty of such misconduct as to warrant the charging of compound interest. Nevertheless the respondent insists that compound interest is included in the account as stated by the register. The report states that compound interest was not charged, and we find, upon a careful examination of the statement of the account, that interest has not been compounded—that the register simply followed the statute (section 2629, Code 1896) in computing interest.

In 1888 the respondent purchased a house and lot in the city of Mobile, on Dauphin Way, paid for it with money belonging to his wards, and took the title in his

[Willis v. Rice, et al.]

own name. The deed recited a consideration of $3,250, and that is the sum which the respondent testifies he paid for the property. He testifies that he treated the property as his own up to the time he deeded it to the wards on the settlement made with them. He placed on record in Mobile county, on June 7, 1900, two deeds, one to each, conveying an undivided half-interest in said house and lot; each of said deeds reciting a consideration of $2,500. In stating the account, the register has given credit to the guardian for the money he paid for the property at the end thereof (or after it was deeded to the complainants), and charged him with interest on the sum ($3,250) from the date of the partial settlement in 1891. The respondent contends that this constitutes error; in other words, he holds that the credit should have been given at the date of the partial settlement, and that complainants should have been charged with the repairs, insurance, and taxes, paid on the property by the guardian while he held it in possession, and that the guardian should have been charged with the rents for the property.

One reason why this contention of the respondent should not be allowed to prevail is, that he, in his "general summary" (attached as Exhibit 1 to his answer to the bill, which summary is a statement of his accounts), charged himself with interest on the money for the same period, and he testified that the summary was true and correct. (See answer to question at bottom of page 92 of the record and continued at top of page 93.) This evidence was before the register, and it was within his province to act upon it in making up the account. In addition to what we have said, we think the maxim, "Consensus tollit errorem," may here be well applied in preclusion of the respondent's contention. His summary invited or induced the register to make the charge

as he did. It is not necessary to give attention to the legal proposition which the respondent argues underlies his contention or insistence.

In respect to the failure of the register to credit respondent with charges for repairs, taxes, and insurance, claimed to have been paid on the wards' property, it is sufficient to say that we are not reasonably satisfied, from the evidence, that the register erred in not giving such credits, nor that the chancellor erred in overruling the exceptions which raised these questions.

No other question is presented by the exceptions to the register's report.

No error being found in the record, the decrees of the chancellor are affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.