(130 So. 898)

**WARD v. TATUM.**

I Div. 605.

Supreme Court of Alabama.

Nov. 20, 1930.

C. L. Hybart, of Monroeville, for appellant.

P. C. Fountain, of Monroeville, for appellee.

ANDERSON, C. J.

The briefs and facts in this case indicate that the only asset of the estate of Eddie L. Ward was a certain sum received from the government upon a soldier's insurance policy or bounty. The insurance was made payable to his mother, but she failed to draw or receive it all before her death, and the remainder was paid over by the government to this appellant as the administrator of the said Eddie L. Ward. At any rate, both sides concede that this residue of the policy went to the estate of the decedent, and, as he left no descendants, it went to his widow under the statute of descent and distribution.

The appellant, being the brother-in-law and administrator of the appellee's husband, was under the legal duty to deal honestly and fairly with her, to make no misrepresentations to her, nor to withhold from her a full and fair communication of every fact within his knowledge calculated to influence her in giving the release or receipt in question. Rogers v. Brightman, 189 Ala. 228, 66 So. 71; Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am. St. Rep. 55. The appellee testified that the appellant represented to her that she was only entitled to a joint interest in the estate with the father and brothers and sisters of her deceased husband and did not inform her that she was entitled to all of the personal property. In this, she was to some extent corroborated by the facts and circumstances connected with the procurement of the release as well as certain letters written her by appellant. Her evidence was, in a sense, denied by the appellant, but the trial court found that he did not fully meet the burden cast upon him, and, the evidence being ore tenus, the conclusion of the trial court was like unto the verdict of a jury, and we do not think that the finding was contrary to the great weight of the evidence. The trial court did not err in disallowing the appellant's claim for the sums alleged to have been paid over to his father and brothers and sisters.

Counsel for appellant concedes the correctness of the disallowance of the other items, except a $50 charge for a tombstone.

Of course, we have repeatedly held that a legal representative has the right to purchase a tombstone for his decedent which is in keeping with the size and condition of the estate and which shall operate as a charge against the estate. Here, however, the tombstone was not purchased or authorized by the administrator, but was purchased by the father before the death of the mother and at a time when it was not known or reasonably anticipated that the deceased son would have an estate, as he seems to have had no property other than a remote or contingent interest in the insurance primarily payable to his mother who survived him. In other words, there is nothing in the record to show that the father purchased the tombstone with the idea or· expectation that he was to be reimbursed out of the estate of his son.

The decree of the probate court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.