[Scharfenburg v. The Town of New Decatur.]

# Scharfenburg *v.* The Town of New Decatur.

*Bill to Enjoin Change of Grade of Street.*

(Decided June 18, 1908. 47 South. 95.)

1. *Equity Pleading; Plea; Sufficiency.*—To the extent that it purports to be a defense, a plea must completely answer the bill, and if any material allegation of the bill is not negatived by a traverse or confession and avoidance, the plea is bad.

2. *Same.*—The averments of a plea in answer to a bill must be certain and precise so as to avoid all ambiguity of meaning and exclude all intendments.

3. *Same.*—The matter in a plea in equity must be a complete bar to the equities of the bill.

4. *Estoppel; By Conduct; Nature.*—An estoppel by conduct is where one by acts intended and calculated to induce, and in fact did induce another to alter his condition so that it would be a fraud on him to allow the actor to take an inconsistent attitude to the detriment of the other.

5. *Municipal Corporations; Change of Street; Damages; Estoppel.*—It appearing that the petition was not acted on and accepted, the fact that the owner of property abutting the street petitioned for a change in the grade of the street does not estop him from claiming damages on account of such change, notwithstanding the change was made upon the only scientific plan possible.

6. *Same.*—Although the owner of abutting property had a conversation with the representatives of the city, after it had entered into all its contracts and incurred all its liabilities with rererence to the improvement of the street at the grade established, and the abutting owner withdrew the statement made in such conversation before the city altered its position in consequence of the statements, the owner is not estopped on that account from claiming damages for the change of grade.

7. *Equity; Pleading; Plea; Matter in Avoidance.*—Although no replication can be filed to a plea in equity, matter in avoidance of a good plea may be set up by way of amendment to a bill; and when the bill is amended setting up such matter, the plea must meet the bill as amended, or it is insufficient.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Williams Scharfenburg against the town of New Decatur to abate a nuisance growing out of the grade of street and for damages. From a decree for respondent, complainant appeals. Reversed and rendered.

E. W. GODBEY, for appellant.—Any inconsistency between the averments of the plea and those in the bill as amended cannot cure the defect in the plea which is required by law to avoid every matter in the bill as amended.—3 Edward's Chan. 131; 8 N. H. 280; 4 John. Chan. 693; 4 G. Green, 420; 51 Vt. 216; 43 N. H. 249; 31 Fed. 577; 16 Cyc. 289 and 291. The chancery court should have taken as true every averment in the amended bill as there was no unequivocal denial in the pleas.— 16 Cyc. 293; 4 Paige, 178; 49 Md. 516; 16 Ency. P. & P. 612. There was nothing in the pleas of sufficient certainty and definiteness upon which to base an estoppel.— *Ware v. Cowles*, 24 Ala. 449; *Troy v. Rodgers*, 113 Ala. 131; *Turnipseed v. Hudson*, 9 Am. Rep. 20. The court erred in not overruling the pleas because they did not show the alleged liability to be fixed and undischargeable and substantial.—*Adler v. Penn*, 80 Ala. 355; 81 Cal. 584; 159 U. S. 60; 6 Ency. P. & P. 262. As the amendment to the bill showed that the town's contract for paving the avenue under which accrued the town's liability, which constituted the gravamen of the pleas, was entered into and the grade fixed and determined before the alleged remarks of the appellant, it is plain that his remarks did not induce the town's assumption of such liability, and the plea should have been overruled. —*Morris v. Alston*, 92 Ala. 11; *Townes v. Richards*, 21 Ala. 427; *Ware v. Cowles, supra;* 15 Ala. 695; 50 Am. Dec. 157. The request that a public improvement be made is not a waiver of his right to just compensation for peculiar injuries which the public improvement may

[Scharfenburg v. The Town of New Decatur.]

inflict upon one. *Jones v. Borough of Bangor*, 144 Pa. St. 638; *Newville Road Case*, 8 Watts, 172; *Klaus v. Mayer*, (N. J.) 54 Atl. 220; *Blanden v. Ft. Dodge*, 102 Ia. 441; 71 N. W. 411; 15 Cyc. 805; *Stewart v. Stevens*, 15 Pac. Rep. 789 (Col.); Randolph on Eminent Domain, sec 388; Mills on Eminent Domain (2nd Ed.) sec. 111; sec. 1,4; 2nd Lewis on Eminent Domain, sec. 1153; *Cowan v. Southern Ry. Co.*, 118 Ala. 560; *Hood's case*, 125 Ala. 312; 28 South. 633; *Thornton's case*, 84 Ala. 114; *Commissioners v. Street*, 116 Ala. 632; 22 South. 632.

BROWN & KYLE, for appellee.—As to the sufficiency of the pleas to the amended bill, counsel cite the following.—*Greene v. Harris*, 11 R. I. 16; *Pusey v. Desbouvrie*, 3 P. Wms. 315; 16 P. & P. 592; Equity P. & P. (Fletcher) P. 274; *Pusey v. Desbouvrie, supra;* 16 P. & P. 592; *Bassett v. Company*, 43 N. H. 253; *New Decatur v. Scharfenburg*, 147 Ala. 637; 41 South. 1025. On the proposition that the pleas set up a complete estoppel to the bill, they cite the following.—*Penn. Mut. Ins. Co. v. Heiss*, 141 Ill. 35; *Goeter-Weil & Co. v. Norman Bros.*, 107 Ala. 596; *McGravey v. Remson*, 19 Ala. 430; *Bain v. Wells*, 107 Ala. 569; 7. Am. & Eng. Ency. (1st Ed.) 20 note; 4 A. & E. Ency. Dec. in equity, 258; *New Decatur v. Scharfenburg*, 147 Ala. 367; 2 Dill. Munic. Corp. (4th Ed.) 815 and note 120; *Cross v. Kansas City*, 90 Mo. 13; *City of Burlington v. Gilbert*, 5 Am. Rep. 143; *Motz v. Detroit*, 18 Mich. 526; *Stockert v. City of E. Saginaw*, 22 Mich. 104; *Bidwell v. City of Pittsburg*, 27 Am. Rep. 662; *Story v. Furman*, 25 N. Y. 230; *Tash v. Adams*, 10 Cush, 252; *Ferguerson v. Landrum*, 5 Bush. 253; *Lee v. Hillotson*, 24 Wend. 337; *People v. Murray*, 5 Hill, 468; *Mayor of Pittsburg v. Scott*, 1st Barr. 390; Thompson Com. Law Corp. sec. 5279.

TYSON, C. J.—This case was before the court on a former appeal, and is reported in 147 Ala. 367, 41 South. 1025. On that occasion it was held that pleas 4 and 5 were sufficient. These pleas set up, as an estoppel against the relief prayed, that appellant had induced the defendant to undertake the work complained of and to incur pecuniary liabilities therefor. On the return of the case to the lower court the bill was amended, and went into greater details as to the injurious consequences of the change of the grade of the street, and made averments to meet the allegations of these pleas. Said pleas 4 and 5 were then amended, and a new plea, No. 7, filed, and, the case being submitted as to the sufficiency of these pleas, the chancellor sustained them, and this appeal is to reverse that decree. The question, therefore, on this appeal, is as to the sufficiency of said pleas 4, 5, and 7 to the bill as amended. We refer to the report of this case and the opinion pronounced in it for a full statement of the points involved.

Pleas 4 and 5 as then taken, and now, with the added plea 7, may be regarded, as setting up the same defense, to wit, the estoppel in pais then considered and held to be sufficient. The essential nature and requirement of a plea at law or in equity is that it shall completely answer the bill, at least to the extent that it purports to be a defense; and therefore, if any material allegation is not negatived by a traverse or confession and avoidance, it is necessarily taken as true in considering the plea, and will render it bad.—16 Cyc. 228; *McCay, etc. v. So. Bell Tel. Co.,* 111 Ala. 351, 19 South. 695, 31 L. R. A. 589, 56 Am. St. Rep. 59. "The averments of a plea must be certain, precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments. * * * If we allow the averment to be true, but at the same time a case may be supposed con-

sistent with it which would render the averment inoperative as a full defense, such a case will be presumed or intended, unless excluded by particular averments."— *Whitlock v. Fisk,* 3 Edw. Ch. (N. Y.) 131. The matter in the plea must be a complete bar to the equity in the bill.—*Rhode Island v. Massachusetts,* 14 Pet. (U. S.) 271, 10 L. Ed. 423. The fundamentaly doctrine of an estoppel in pais is well stated in *Jones v. McPhillips.* 82 Ala. 115, 2 South. 468. It is conduct intended and calculated to induce, and in fact inducing, another person to alter his condition, so that it would be a fraud upon him to allow the other party to take an inconsistent attitude to his detriment.—*Leinkauff v. Munter,* 76 Ala. 194; *Ware v. Cowles,* 24 Ala. 446, 60 Am. Dec. 482; *Henshaw v. Bissell,* 18 Wall. (U. S.) 255, 21 L. Ed. 835. Mr. Bigelow says: "Conduct, as the basis of an estoppel, must have been intended for the other party to act on, and he must have been induced to act upon it." Bigelow on Estoppel, 570.

The estoppel allowed on the former appeal was that the complainant, with full knowledge of the proposed improvement and change of grade of the street, consented thereto, and requested the city officials to proceed with this work; that they were induced to act, and did act, on this request and consent, and incurred liabilities and expenses. These circumstances were alleged as sustaining this plea: One, that the complainant had petitioned defendant to have the street improved; another, that defendant was advised by skillful engineers that the improvement should be after the plan adopted as to grade of streets; and, third, that "after said grade had been raised and established, as it now is, one of defendant's councilmen, a member of the street committee, having said work under supervision, went to complainant and advised him of the change of said grade, and the

said complainant told said councilman to go ahead and do the work on the grade established, that he was going to raise his house anyway, and that he wanted the street fixed right, * * * and that this defendant, acting upon said proposition * * * and of said declaration and consent," did the work and entered into obligations for work and labor, etc. The petition set out in the pleas had no suggestion as to how the improvement was to be made, nor contained any express or implied waiver of damages on the part of the signers arising from the improvements actually made; and the bill, after amendment, shows that it was presented in July, 1903, and that nothing was done in regard to the matter until May, 1905, when an ordinance was introduced and passed for paving a part only of the avenue, and providing for the assess. ment of costs and expenses on a different plan from that mentioned in the petition. We held on the former appeal that the petition referred to did not, as originally pleaded, create any estoppel against complainant; and in the light of the amended bill, showing that it was not acted on and accepted as proposed, or when proposed, if at all, or within any reasonable time thereafter, the conclusion we then reached becomes stronger on this appeal.

There is no connection shown, other than by the mere conclusion of the pleader, between the action of the municipal authorities and the petition set out for the improvement of the street. They appear to be two independent and totally disconnected facts, which are impossible to be related as cause and effect. As to the circumstance that the defendant was advised by competent engineers that the work had to be done as proposed and done, or that it was proper work and could be done only in that particular way, it seems obvious that such matters, singly or in connection with the petition for the improvement set out in the plea could not assist

to build up a waiver of the constitutional right to compensation for damages resulting from appropriating private property for public purposes. If the action complained of was not induced by the petition, as on the allegations of the bill it could not have been, its importance could not be increased by its conjunction with the subsequently developed fact that the work was done in the only scientific method possible.

We come, then, to the last circumstance alleged against the appellant in support of the pleas. On the former appeal the pleas were made to affirm that the proposition of improving the street in the manner complained of was communicated to complainant by the defendant's agent, with suggestions of change of one inch in the height of grade, in the plan, if desired; that appellant approved the plan and requested the agent to go ahead with the grade as proposed, and the plea was construed to aver that the defendant was induced to act, and change its position, and undertake the work, and incur liabilities by this conduct of the appellant; and on that assumption we held pleas 4 and 5 sufficient. But on return of the case to the lower court the bill was amended so as to aver that, when the alleged conversation with defendant's agent occurred, the defendant had already entered into all its contracts and incurred all its liabilities respecting the improvement of the street at the established grade, which it was advised was the lowest possible elevation, and that soon after said conversation appellant appeared before the board of mayor and aldermen of the town in open session, and asked relief by reason of the injuries arising from the elevation of the grade of the street, which was denied, and that between the said conversation and the said complaint and denial of relief the defendant entered into no contract and incurred no new liability. And then the bill

42 C

further states what said conversation was, and the circumstances under which it occurred. The bill denies that complainant consented to the grade, but admits that he rejected the suggestion of lowering the curb, because at the elevation of the street a lower curb would be ineffective, and that he admitted that he said he was going to raise his house, but it was because it was a necessity from the elevation of the grade of the street, and that he said nothing further than that under such circumstances two or three inches would make no difference, and that he wanted it fixed right while they were fixing it.

Pleas 4 and 5, as amended, and plea 7, as filed, admit all these allegations of the bill as amended—that is, that the only substantial fact supporting the estoppel occurred after the defendant had entered into its engagements; that if the conversation referred to was calculated to induce the defendant to alter its position, and had been communicated to it, which is not alleged it was retracted before defendant in fact altered its position; and, finally, that the conversation occurred in the mode and manner, and under the circumstances and to the effect, detailed in the bill, which show that it was not intended to induce, and was not calculated to induce, the defendant to alter its position, and that it did not, singly or in conjunction with any other matter, cause the defendant to appropriate or injure appellant's property in violation of the constitutional injunction as to compensation. Under our practice no replication can be filed to a plea or answer (section 3122, Civ. Code 1907); but, when a plea good on its allegations is filed, matter in avoidance may, as in the case of an answer, be introduced in the bill by amendment. When this is done, the defense must meet the bill as amended, and a plea not doing so is insufficient. The proceedings in this case,

[Bentley, et al. v. Barnes.]

being prior to the adoption of the present Code, are not governed by section 3115 as it now stands, as to immaterial and insufficient pleas. We therefore must hold that the action of the lower court, in holding the pleas, 4, 5, and 7 to be sufficient, was erroneous.

The decree appealed from will be reversed, and one will be here rendered overruling the pleas.

Reversed and rendered.

DOWDELL, SIMPSON, and DENSON, JJ., concur.