(89 South. 242)

## HAIGLER et al. v. MERRITT. (3 Div. 471.)

(Supreme Court of Alabama. May 19, 1921. Rehearing Denied June 23, 1921.)

**1. Brokers ⬅️53—Sale held to be consummation of original agreement secured by broker, so as to entitle him to compensation.**

Where a broker was authorized to sell land to a purchaser, and made a sale contingent on acceptance of marketable title by purchaser's attorney before a certain time, or before offer withdrawn, and the parties delayed beyond such time, but the sale was made a short time thereafter, and after the purchaser withdrew his earnest money deposit, such sale was a consummation of the original agreement, notwithstanding such withdrawal, and the broker was entitled to his stipulated compensation.

**2. Brokers ⬅️71—Where compensation was excess of purchase money over a specific net amount, contingent on receipt before a specified date, and there was delay, interest should be deducted.**

Where the stipulated amount of a broker's compensation was the excess of purchase money over a specific net amount, contingent on receipt thereof before a specific date, the law implies an understanding that the vendor should be compensated for delay in payment beyond that time by interest at the legal rate, which should be deducted from the broker's original stipulated commission.

**3. Appeal and error ⬅️1078(3, 4)—Assignments not argued treated as waived.**

Assignments of error on rulings on pleadings and evidence, not argued in the brief, will be treated as waived.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Vernon Merritt against D. H. Haigler and another. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Corrected and affirmed, contingent on plaintiff's acceptance; otherwise, to be reversed and remanded.

Plaintiff sued to recover his broker's commission for selling certain real estate to one S. M. Wehr. On September 19, 1918, plaintiff and defendants entered into a written contract in substance as follows:

(1) Plaintiff was authorized to sell said land to Wehr for any price over $10,000, the excess to be paid to plaintiff as compensation for negotiating the sale.

(2) Defendants were obligated to make a written contract with Wehr to convey the land to him by warranty deed, on or before January 1, 1919, upon receipt of $10,000, and if before that date $500 was to be paid down, and forfeited by Wehr if he made default.

(3) All incidental expenses—abstract, surveying, drafting, and passing on titles—were to be borne by plaintiff.

(4) Defendants were to receive their price of $10,000 on or before January 1, 1919.

(5) If, upon examination, it appeared that defendants could not give a full fee-simple title, this contract was to be void.

On the same day defendants contracted with said Wehr to convey said land to him by warranty deed with marketable title for the price of $11,660, on or before January 1, 1919, less 6 per cent. to cover retention of possession for 1919 in grantor's lessee under outstanding lease, and Wehr was required to deposit $1,000 in bank, to be paid to defendants upon delivery there of the deed stipulated for, but to be returned to Wehr otherwise, and, if Wehr defaulted, to be paid to defendants as liquidated damages. It was provided that the question of a good title should be passed upon by a competent attorney, to be selected by Wehr, and if it proved a marketable title could not be given, and there were material defects, which could not be cured and rectified within a reasonable time, and such attorney so pronounced, then said $1,000 was to be returned to Wehr.

On January 1, 1919, finding that a friendly suit to clear up a title by construing a will could not be determined seasonably, defendants and Wehr agreed in writing to extend the time for closing the sale until March 2d following, and providing that the deduction of 6 per cent. flat for the leasehold reservation for 1919 should be changed to 6 per cent. per annum for the time actually elapsing after payment of the purchase price to the end of the year. Wehr's attorney advised him, prior to March 1st, that the title was not marketable; but they agreed to hold the matter open for a while longer. On March 13th Wehr withdrew his earnest money from the bank, having decided to wait no longer. On March 21st defendants deposited their deed with said bank, and their attorney wrote to Wehr as follows:

"As attorney and agent for Mr. David H. Haigler and Miss Margaret C. Haigler, from whom, under date of September 19, 1918, you contracted in writing, to purchase, to wit, 212 acres of land, situated near McGehee's Switch, in Montgomery county, I beg to advise you that said parties, together with the wife of Mr. D. H. Haigler, have executed a warranty deed conveying said land to you, in accordance with the terms of said written contract, and that I stand ready to deliver said deed to you, upon the compliance of said conditions imposed upon you in said contract as amended. I also beg to advise that I have this day deposited with the Union Bank & Trust Company, of this city, a deed conveying said lands to you, containing covenants of general warranty as to title, etc., which bank is authorized and directed to deliver same to you, with terms and payment as provided in said contract. We understand that you are unwilling to accept this deed and pay the purchase price, on account of inconclusiveness of evidence of the

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

death of Henry Whipple Haigler. In making this tender of the conveyance we merely manifest our willingness and readiness to comply with the terms of the contract imposed upon us.

"Very truly yours,

"W. P. McGaugh, Attorney."

In about 8 or 10 days defendants were first informed that Wehr had withdrawn his earnest money, but the deed remained in escrow at the bank, and on April 11th Wehr paid the full net price of $11,183 and received the deed from the bank; defendants accepting and receiving the money thus paid, except that $1,043 of it was tied up by garnishment at suit of plaintiff. The trial judge instructed the jury to find for the plaintiff for the amount of $986.48, and there were verdict and judgment accordingly.

Ballard & McGaugh, of Montgomery, for appellants.

As between the plaintiffs and defendants, time was the essence of the contract, and, as the terms were not complied with within the specified time, plaintiff had no contract binding defendants to pay him for the sale of the land. 187 Ala. 41, 65 South. 518; 9 C. J. 519; 65 Or. 78, 129 Pac. 757, 131 Pac. 1022, 51 L. R. A. (N. S.) 612, 11 Ann. Cas. 1915A, 1127. The owners had the right to dispose of their property without regard to plaintiff. 19 Cyc. 254; 75 Cal. 509, 17 Pac. 642; 21 Kan. 521, 30 Am. Rep. 441; 21 S. D. 619, 114 N. W. 998, 15 L. R. A. (N. S.) 272; 197 Ala. 601, 73 South. 23.

Ball & Beckwith, of Montgomery, for appellee.

The appellee's rights were not affected by the failure to consummate the sale by a certain time. 155 Cal. 155, 99 Pac. 867, 21 L. R. A. (N. S.) 328; 180 Ala. 541, 61 South. 68; 177 Ala. 636, 59 South. 286; 86 Ala. 151, 5 South. 157; 86 Ala. 149, 5 South. 473; 79 South. 154; 202 Ala. 618, 81 South. 561. The court, therefore, properly directed the verdict.

SOMERVILLE, J. The plaintiff was employed by the defendants to sell their land. He effected a sale with a designated purchaser, one Wehr, who entered into a binding contract therefor, subject only to the conveyance of a good title, to be approved by Wehr's attorney. Prior to January 1, 1919, the time limit for consummation, it was known that an impediment existed which prevented such approval, and the contract—with an unimportant modification—was extended by mutual agreement until March 2, 1919. There was no formal withdrawal from the contract on or after that date by either party, but on March 13th Wehr's attorney wrote to him, to the defendants, and to the depository bank that the title was defective, for a specific reason, and could not be approved, and on that day Wehr withdrew from the bank his earnest money deposit of $1,000, of which action plaintiff was not informed until about April 1st. In the meantime, on March 21st, defendants deposited their deed to Wehr in escrow with the bank, and wrote a letter to Wehr, informing him of that action, "done in accordance with the terms of said written contract," and that the "bank is authorized and directed to deliver same to you upon compliance by you with terms and payment as provided in said contract," and that "in making this tender we merely manifest our willingness and readiness to comply with the terms of the contract imposed upon us." On the same day a similar letter was delivered to the bank, with appropriate instructions for delivery of the deed to Wehr upon his payment of the amount required. Thereupon plaintiff conferred with Wehr, and Wehr conferred with his attorney, and on April 11th Wehr paid the money and received the deed.

[1] It is clear that either party to the sale might have withdrawn from the contract on January 1, 1919, or afterwards on March 2d, and on any day thereafter prior to Wehr's action on April 11th. However, neither of them did so, and, so far as defendants are concerned, the matter was always in fieri; and, notwithstanding Wehr's temporary withdrawal of his deposit, the consummation on April 11th was nothing less than the final execution by both parties of their written agreement, which was never abandoned, since both parties deliberately waived their right of abrogation based upon the lapse of the time within which they were formally bound. As to plaintiff's undertaking and service, they were fully discharged when he procured the execution of the written contract of sale and purchase between the defendants and Wehr, though his compensation was contingent upon the acceptance of the title as marketable by Wehr's attorney before the period therefor expired by express limitation, or, otherwise, before the offer by defendants was actually withdrawn. Under the conditions here exhibited, it seems clear that the fruition of the contract according to its terms entitled plaintiff, both in law and in good conscience, to the stipulated compensation.

[2] But, as the amount of that compensation—the excess of the purchase money over $10,000—was expressly contingent upon defendants' receipt of $10,000 net on or before January 1, 1919, we think the law would imply an understanding between the parties that defendants should be compensated for any delay in its payment, beyond that time, by interest at the legal rate, and that such interest should be in abatement of plaintiff's originally stipulated commission, necessarily so, in order to meet the stipulation that defendants should receive $10,000, net, on January 1st. This, it seems to us, is the equity

of the case, and the equity of the case ought to determine the law of it.

The excess of the purchase money over $10,000 was $1,183.33. Deducting from this sum $225.15, the amount of the expenses to be borne by plaintiff (as to which there was no dispute), and deducting, also, the further sum of $226.66, the amount of interest necessary to give to defendants the equivalent of the sum to which they were entitled as of January 1, 1919, there remained due to plaintiff the sum of $731.52, upon which interest should be allowed from April 11, 1919, to September 30, 1919, the date of the judgment. It results that plaintiff was entitled to recover the sum of $759, and that the instruction and judgment for a larger sum were erroneous.

[3] Other rulings of the trial court on pleadings and evidence are not argued in brief, and will be treated as waived. The judgment of the lower court will be corrected as above indicated, and, as corrected, will be affirmed, contingently upon plaintiff's acceptance of such correction by entering his assent of record in this court within 30 days hereafter. Otherwise, the judgment will be reversed, and the cause remanded for another trial.

Corrected and affirmed, conditionally.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.