57 So.2d 345

**GARRISON v. KELLY et al.**

**KELLY v. KELLY et al.**

**DADE et al. v. KELLY et al.**

**SCHEIBNER v. KELLY et al.**

**6 Div. 5, 6, 7, 33, 33–A.**

Supreme Court of Alabama.

Jan. 17, 1952.

Rehearing Denied March 6, 1952.

Amzi G. Barber, Birmingham, for appellant Jones, adm'x.

Wilkinson & Skinner, Birmingham, for appellant Mrs. E. E. Kelly, adm'x.

Harvey M. Emerson, Birmingham, for appellants Dade.

Earl McBee, Birmingham, for appellant-petitioner Scheibner.

Hugh A. Locke and Wade H. Morton, Birmingham, for appellees Kelly, Jones and Kendrick.

Andrew W. Griffin, Birmingham, for appellees unknown heirs of Hollaway.

BROWN, Justice.

These consolidated records embody five separate appeals in proceedings arising out of and touching the administration of the estate of Lawrence Kelly, deceased, pending in Jefferson County Circuit Court, in Equity. The former appeals are reported as Ex parte Kelly (Kelly v. Burns), 243 Ala. 184, 8 So.2d 855; Kelly v. Kelly, 247 Ala. 316, 24 So.2d 265; Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686.

The last cited appeal was from a decree sustaining the demurrers of the defendants Oliver G. Dade and Ethel Mae Dade to the bill of complaint filed by the appellees W. B. Kelly, Sarah Kelly Jones and Mary Petrie Kendrick seeking as heirs at law of Lawrence Kelly, deceased, the sale of the lands described in the bill for division among joint owners or tenants in common.

This court on the last former appeal stated the applicable principles of law to the facts presented by the averments of the bill and the allegations touching its equity as against the demurrer filed thereto. A restatement of the same will not be repeated here. The demurrer was overruled and the cause was remanded.

After remandment the bill was twice amended, but said amendments in no way weakened the sufficiency of the averments of the bill. By one of said amendments the administrator de bonis non was stricken as a party complainant and made a party defendant. He filed an answer and cross-bill alleging that claims had been filed against the estate, the validity of which had not been determined, and prayed that the property be sold and that he, as such administrator de bonis non, be authorized to intercept the funds arising from the sale in lieu of the property, to be applied under the direction of the court in the further administration of the estate. Finally the cause coming on for hearing on the sufficiency of the special pleas and the truthfulness thereof of the respondent E. E. Kelly and the respondents Dade filed separately to the bill as last amended. The pleas of E. E. Kelly are numbered 1, 2 and 3. The respondents Dade filed identical pleas likewise numbered. The cause was set down for hearing on the sufficiency of said pleas and the proof in support thereof on the 22nd of September 1949 for final decree, resulting in upholding the sufficiency of Plea No. 1 filed by defendant Kelly and Pleas 1 and 3 as amended filed by the respondents Dade, upon which issue was joined. The evidence offered to prove said pleas was testimony given *ore tenus* and on documentary evidence noted at the hearing. The court on consideration of the evidence overruled all of said pleas on the ground that defendants had failed to meet the burden of proof to the reasonable satisfaction of the court, and granted complainants relief on their bill as last amended, ordering the sale of the property and determining the respective interests of the parties as follows: W. B. Kelly, 2/24ths; Sarah Kelly Jones, 2/24ths; Mary Petrie Kendrick,

²⁄₂₄ths; Oliver G. Dade, ⁹⁄₂₄ths; Ethel Mae Dade, ³⁄₂₄ths; Unknown heirs of Cona Kelly Hollaway, ⁶⁄₂₄ths, and J. W. Kelly, ⁴⁄₂₄ths.

From the final decree the defendants Dade and Kelly each separately appealed. Robert C. Garrison, as administrator de bonis non, appealed. Since said appeal was taken Garrison resigned as such administrator and on motion Sarah Kelly Jones, who had been appointed as his successor, was substituted and has assigned error. The Dades and Kelly have also each separately assigned errors.

This litigation arises out of conflicting claims as to the ownership of two separate parcels of land and the improvements thereon formerly owned by Lawrence Kelly, deceased, located on the Birmingham-Montgomery Highway about six miles south of Birmingham in Jefferson County, Alabama, one of said parcels or tracts being in Section 18, Township 18, Range 2 West consisting of three and a fraction acres and more specifically described in the bill filed by complainants W. B. Kelly et al. against J. W. Kelly, the Dades and the "unknown heirs of Cona Kelly Hollaway, deceased," alleged to have been a joint owner having a one-fourth interest in the property. Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686, 688.

The other parcel is located in Section 19, Township 18, Range 2 West, more specifically described in the bill filed July 28, 1947, by W. B. Kelly, Sarah Kelly Jones and Mary Petrie Kendrick against J. W. Kelly, Aileen Yvonne Scheibner and the unknown heirs of Cona Kelly Hollaway, deceased, numbered 72353 on the circuit court equity docket and in this court numbered 6 Div. 33, 33-A. Both of said properties are alleged to be improved and income producing.

The parcel or tract first above mentioned only is involved in 6 Div. 6, as appears from the named parties defendant. The Dades claim title as the grantee of E. E. Kelly, who conveyed to them all his interest by warranty deed, which he seeks to sustain by his plea setting up what is referred to as "a perfect equity", alleging that he and his brother entered into an oral agreement, his brother agreeing to sell and he to purchase the property for a consideration, a part of which was presently paid, and he was put into possession under said oral agreement and thereafter paid in full the purchase price. Said plea also alleges a purchase by Kelly from Norris, who held a purchase money mortgage, which, after default, was foreclosed and purchased at the foreclosure sale by the mortgagee from whom he (E. E. Kelly) purchased, and received from said mortgagee a warranty deed and has since been in possession and claimed the same against the world as his property until he sold to the Dades.

The Dades set up the same facts in their plea 1 and in plea 3 alleged that the complainants have had notice of said foreclosure and purchase for more than two years before the filing of the bill.

Although Kelly and the Dades had previously answered the bill, they did not answer the bill as last amended, nor did they refile their original answers to the bill as last amended.

The defendants Kelly and the Dades, without controverting by their pleas the allegations in the bill that Kelly made default in some of the installment payments on the mortgage debt which he was obligated to pay to cause the foreclosure, with the purpose and intent of delaying and hindering the complainants and other claimants in enforcing their rights to the property or enforcing their claims against the same, submitted the case for final decree on the legal sufficiency of said pleas and the truth of the allegations therein, thus confessing the truth of the material allegations of the bill and waiving the defense set up in their respective answers. Prowell v. Wilson, 219 Ala. 645, 123 So. 38; State ex rel. Phillips v. Benners, 172 Ala. 168, 55 So. 298; Ex parte Riley, 247 Ala. 242, 23 So.2d 592; Scharfenberg v. Town of New Decatur, 155 Ala. 651, 47 So. 95.

In the case of State ex rel. Phillips v. Benners, supra, it was observed: "When the complainant took issue on a plea, although the issue was the truth of the plea only, which must be proved by the defendant, this did not prevent the complainant,

if he chose, from entering into evidence to prove the whole case made by his bill. 1 Dan.Ch.Pr. 697. And obviously, if there was submission and hearing on the truth of a plea, if the plea was found untrue, the decree was, not that defendant should answer, but that the complainant should have his relief, with an order for the defendant to make discovery by answer, if the complainant's case required such discovery. See Sims' Ch.Pr. § 467." 172 Ala. 175, 55 So. 300.

■ It is a universal rule applicable to courts of equity as well as to courts of law that, "Pleadings are statements in logical and legal form of the facts which constitute plaintiff's cause of action or defendant's ground of defense. They are the allegations of the parties of what is affirmed on the one side and denied on the other, disclosing to the court or jury, who have to try the cause, the real matter in dispute * * *. They are designed to advise the court and the adverse party of the issues and what is relied on as a cause of action or a defense, in order that the court may declare the law and that the adverse party may be prepared on the trial to meet the issues raised. * * *." 71 C.J.S., Pleading, § 1, page 17; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804.

■ The great weight of the evidence shows that if an oral agreement to convey was ever contemplated by and between the decedent and his brother to sell and convey the property to the latter on a fixed or agreed consideration, it was abandoned on legal advice, and a written lease was executed by said decedent under which E. E. Kelly went into possession and continued in possession until he conveyed the property to the respondents Dade. The evidence further goes to show that the change in the plan as to what estate would be conveyed, whether a fee simple or a leasehold, was to mislead persons who were asserting and litigating claims of some sort or other against Lawrence Kelly, going to support the admitted allegation by the pleas in the bill that E. E. Kelly voluntarily defaulted in the payment of installments resulting in the foreclosure of the mortgage, the purchase by the mortgagee and the subsequent conveyance to E. E. Kelly for the amount due plus the expense of foreclosure was to obtain the entire title and cut off or hinder and delay the heirs at law of said decedent in asserting their right to inherit an interest in the property or subject it to the payment of their claims. The intent *to hinder or delay* is *equal* to the intent *to defraud*. 3 Mayf.Dig. p. 853, paragraph 5.

■ The complainants, as the record shows, were nonresidents of the state and after due consideration of the complicated voluminous record and all the testimony, together with the documentary evidence, we concur in the conclusion expressed in the court's final decree that there was not sufficient satisfying evidence to sustain the averments of the special pleas that the complainants had notice of the foreclosure of the mortgage and purchase and claim of ownership by E. E. Kelly for more than two years before the filing of the bill.

The defense asserted by the respondents Dade in their pleas is identical with that presented by the pleas of E. E. Kelly and the foregoing observations as to Kelly's defense applies to them.

■ The equity of the bill was affirmed on the last appeal in Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686, and the additions made by the two subsequent amendments thereto did not impair its sufficiency. Moreover the treatment in brief of the assignment of error predicated on the overruling of the demurrer, amounts to nothing more than an assertion that the bill as last amended is without equity and is wholly insufficient to invite a re-examination of that question on this appeal. Haigler v. Merritt, 206 Ala. 199, 89 So. 242; Mundy v. Allison, 237 Ala. 535, 187 So. 722.

The other assignments of error touching the rulings of the court as to the legal insufficiency of pleas 2 and 3 interposed to the bill by E. E. Kelly and the legal insufficiency of plea 2 filed by the respondents Dade are without merit. Scharfenberg v. Town of New Decatur, 155 Ala. 651, 47 So. 95; Ex parte Riley, 247 Ala. 242, 23 So.2d 592.

■ As against the defense interposed by the appellants E. E. Kelly, Oliver G. Dade and Ethel Mae Dade, the record is

free from error. The only interest or title conveyed by the warranty deed from Kelly to them is the ¼th interest he inherited from Lawrence Kelly, deceased. To that extent they are joint owners and tenants in common with W. B. Kelly, Sarah Kelly Jones, Mary Petrie Kendrick, J. W. Kelly and the estate of Cona Kelly Hollaway and her unknown heirs at law.

The bill of complaint as last amended recognizes, and the final decree of the court adjudicated and declared the result as above stated. The final decree, to that extent, is affirmed.

■ The assignments of error made by Sarah Kelly Jones as successor to Robert C. Garrison, as administrator de bonis non, are inconsistent with and antagonistic to her asserted rights as a complainant, seeking a sale for division and distribution of the proceeds of the property free of the administration. She seeks relief in her individual right and interest and also seeks to upset and overturn the decree of the court, which she invoked the court's jurisdiction to render. This is not permissible. Sealy v. Lake, 243 Ala. 396, 10 So.2d 364; Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686.

■ The court appointed Andrew W. Griffin, Esq., as "an attorney at law" to represent "the unknown heirs of Cona Kelly Hollaway, deceased". We have found no authority authorizing such procedure and none has been cited. The estate of Cona Kelly Hollaway is in no way represented. In this situation the statute, Code of 1940, Tit. 61, § 165, authorizes the appointment of an administrator, ad litem. Proceeding in the absence of such appointment, wherein an estate has no legal representation, is error which the court will notice ex mero motu on appeal. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Ex parte Riley, 247 Ala. 242, 23 So.2d 592. See also Code of 1940, Title 61, §§ 250, 251, authorizing the appointment of a guardian for the unknown heirs.

6 Div. 33 and

6 Div. 33–A Carl F. Scheibner v. W. B. Kelly et al.

By agreement and consent of the parties this case was consolidated with 6 Div. 6, E. E. Kelly v. W. B. Kelly et al., for the limited purpose of trying and determining, as a matter of fact, the sufficiency and validity of the defense set up by Scheibner in his answer and cross-bill, being the identical defense pleaded by E. E. Kelly in his Special Plea 1. The averments of said plea were, in short, that E. E. Kelly entered into an oral agreement with Lawrence Kelly to purchase all of said property for a stipulated consideration, a part of which was presently paid by E. E. Kelly to his brother (the seller) and he (E. E. Kelly) was put in possession and thereafter paid the balance of the agreed consideration, fully performing the agreement. The court ruled after hearing the evidence that said E. E. Kelly failed to meet and carry the burden of proof imposed on him by the averments of his plea and hence the only title which E. E. Kelly conveyed to the respondents Dades to the property involved in the case of 6 Div. 6, E. E. Kelly v. W. B. Kelly et al., was his ¼th interest in the property which he inherited from his brother Lawrence.

The court applied the same measure to the defense set up by Carl F. Scheibner in this case and we fully concur in that conclusion. The ruling of the court on the demurrer of Carl F. Scheibner to the bill is free from error. Kelly v. Kelly, supra.

6 Div. 33–A is an original petition for mandamus to review the judgment of the trial court in overruling Scheibner's motion to strike the amendment to the bill making Robert C. Garrison, as administrator de bonis non, a party defendant to the bill. This amendment was made in compliance with the suggestion made in the opinion on the former appeal. The petition for mandamus is, therefore, denied and the petition dismissed with costs. Kelly v. Kelly et al., 250 Ala. 664, 35 So. 2d 686.

The decree granting relief and ordering the sale of the lands is vacated and set aside in the cause of 6 Div. 6, E. E. Kelly v. W. B. Kelly et al., and the same is remanded for further proceedings in the

administration of the estate of Lawrence Kelly, deceased, after the appointment of an administrator ad litem to represent the estate of Cona Kelly Hollaway, deceased.

In 6 Div. 33, Carl F. Scheibner v. W. B. Kelly et al., the decree of the court holding the defense set up by the appellant Carl F. Scheibner in his answer was not sustained by the evidence and overruling the same, is affirmed, and that part of the decree authorizing a sale of the lands is vacated and set aside.

The petition for mandamus in 6 Div. 33–A, Carl F. Scheibner v. W. B. Kelly et al., is denied and petitioner taxed with costs.

The cause is remanded for further proceedings in the administration of the estate after appointment of an administrator ad litem to represent the estate of Cona Kelly Hollaway, deceased. Whether or not Carl F. Scheibner is entitled to equitable contribution as a tenant in common for rehabilitating and improving the property, after accounting for benefits received, is a matter left open for settlement in the further administration of the estate, which is a unity. Westcott v. Sharp, ante, 256 Ala. 418, 54 So.2d 758.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.