CHARLES HOPKINS v. SCHOOL DISTRICT No. 3 IN DANBY.

*Parol testimony.    School teacher's certificate.*

The true time of the execution of a written instrument which has a false date may be shown by parol.

That a written instrument, which purports to be an official certificate, never had any legal existence or binding force as such, may be shown by parol.

The certificate given to a teacher, by the superintendents of common schools, and the effect to which it would otherwise be entitled, may be impeached by parol testimony showing that it was given when the teacher was not entitled to it, under an assurance that no legal use should be made of it.

BOOK ACCOUNT. The plaintiff's account was for teaching school for the defendants for one month, which the defendants admitted was done under their employment, at the price charged. On the trial before the auditor the plaintiff offered in evidence a certified copy of the record from the town clerk's office in Danby, of a certificate of his qualifications to teach school, purporting to be dated in November, 1848, and signed by Edward Lapham and C. H. Congdon, superintendents of common schools for Danby, and recorded October 6th, 1849. The defendants then offered to prove by the said Lapham and Congdon, that in the month of November, 1848, the plaintiff applied to them, they then being superintendents of common schools in Danby, for a certificate; and that on examination he was found to be wholly unqualified to teach, and that they refused to give him a certificate; and that sometime in October, 1849, and after the services for which the plaintiff has charged were rendered, the plaintiff again applied to them for a certificate, and represented to them that he did not want to make, and should not make, any legal use of the same; but that the district would pay him if he had a certificate, and thereupon the said Lapham and Congdon gave the plaintiff a certificate, telling him at the same time there would be no legality in it,—which was the only one ever given to the plaintiff by the said Lapham and Congdon. This testimony was objected to by the plaintiff, but was admitted by the auditor, who reported that if it was legally admissible, he found that there was nothing due to the plaintiff; but if the testimony was improperly admitted there would be due to the plaintiff fifteen dollars and thirty-four cents.

The county court, March Term, 1854,— PIERPOINT, J., presiding,— rendered judgment on the report for the plaintiff, to which the defendants excepted.

———— ————, for the defendants.

*D. E. Nicholson,* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. No question is made but that the plaintiff taught school in the district one month, in the winter of 1849, and by giving in evidence the certificate of his qualifications, purporting to have been signed by the superintendents of common schools, of a prior date, he showed a right, *prima facie,* to recover for those services. To entitle the school teacher to recover for his services, the statute requires that he should have the proper certificate of his qualifications *before* the rendition of his services.

The only important inquiry in this case is, can the *prima facie* effect of this certificate be impeached by parol evidence. This evidence in effect was, that in November, 1848, the plaintiff was examined and found unqualified to teach school, and the superintendents refused to give him a certificate; and that long after the services sued for had been rendered, the certificate in question was given under an assurance of the plaintiff, that he did not wish, and would not make any legal use of it, and he was assured by the superintendents that it could have no legal effect. If this evidence is admissible, it is clear that the certificate cannot help the plaintiff, and we see no reason why it should not be admitted. The date is no part of the certificate, and it has always been held, that when a written instrument has a false date, the true time of its execution may be shown by parol, when the time of execution becomes important. Besides, this testimony shows, that this certificate never had any legal existence, or binding force, and this may always be shown by parol. 1 Greenl. Ev. §284. It was not delivered by the superintendents, or received by the plaintiff with an intention that it should have any legal effect upon the plaintiff's rights.

Whether an instrument which has a false date, shall have relation back, *by fiction of law,* to the time of its date, is quite another

question. This is not a case calling for the application of any principle, through a fiction of law; and if to be applied to a case of this kind, it would be to enable the plaintiff to succeed in the fraudulent use of this certificate, in violation of his express assurances, when he induced the superintendents to give it to him.

The judgment of the county court is reversed, and judgment on the report for the defendants for their costs.