# Lewis *v.* Teal.

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Revision of chancellor's finding on facts.*—This court will not reverse the chancellor's finding on a question of fact, unless clearly convinced that he erred: it is not enough that the court, as a court of original jurisdiction, might hesitate before deciding as the chancellor did.

2. *Statute of frauds; how taken advantage of.*—The statute of frauds, as a defense, must be taken by plea or answer, or raised by demurrer, if the facts averred in the bill justify it; and it can not be raised in this court for the first time.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this cause was filed on the 16th March, 1877, by James Teal, as the administrator of the estate of B. B. Bass, deceased, against Alfred Holley and John Ramer; and sought to enforce an alleged vendor's lien on a tract of land. According to the allegations of the bill, Bass sold and conveyed the land to Ramer, in January, 1860, and placed him in possession, but received no part of the agreed price ($900), and took no notes for the purchase-money; and in September afterwards, the purchase-money being unpaid, he sold the land, for the same price, to said Holley, to whom Ramer then executed a conveyance, and delivered the possession; but Holley paid no part of the money, and did not give his notes for it. An amended bill was afterwards filed, which alleged that, at the time the contract was made between Bass and Holley, the contract between Ramer and Bass was rescinded, and Ramer conveyed to Holley at the request of Bass. A decree *pro confesso* was taken against each of the defendants, and on final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, ordering a sale of the land. On appeal from this decree by Holley, it was reversed, and the cause was remanded, as shown by the report of the case. *Holley v. Bass' Adm'r,* 63 Ala. 387. In the meantime, the

[Lewis v. Teal.]

land was sold under the decree, and not bringing the amount due, a personal decree was rendered against Holley, in May, 1879, for $1,480, as the balance due to the complainant. Under an execution issued on this decree, other lands belonging to Holley were sold ; but this sale was set aside, on appeal, by this court, as shown by the report of the case. 68 Ala. 206.

Holley afterwards filed an answer to the bill, but at what time the record does not show, denying that he had ever bought the lands from either Bass or Ramer, or promised to pay either one of them $900 for it, though a deed had been executed to him by Ramer, and alleging that the transaction was as follows : "B. B. Bass was indebted to this respondent in the sum of $634.66, as evidenced by a judgment rendered against him by the Circuit Court of Covington, in favor of W. B. McDuffie as guardian, which had been transferred to this respondent, and was also indebted to other persons ; and after he had sold said land to Ramer, and the trade had been rescinded, but before Ramer had executed any deed back to Bass, said Bass came to this respondent, and proposed that Ramer should execute the deed to him (respondent) to secure the said sum due on said judgment; with the understanding and agreement, that respondent should sell the land as soon as he could get enough for it to pay said debt, and anything over that sum to be paid over to said Bass. Respondent and said Bass were then warm personal friends, and Bass declared a desire to pay respondent in preference to other creditors, who would probably levy on the land and subject it to the satisfaction of their debts, if it was conveyed by Ramer back to him. In the meantime, the war came on, real estate declined in value, and said land could not be sold for enough to pay respondent's said judgment." The respondent also set up in his answer, by way of plea, "the statute of limitations of twenty years, and the rule recognized at common law relating to stale demands ;" and in this connection the answer or plea contained these averments : "Said contract or agreement to pay $900 for said lands, if ever made (which respondent denies), was made or contracted in 1860, as is alleged in said bill ; that said debt is for the payment of money, and is a stated account; that complainant (?) was a resident citizen of Covington county, Alabama, and continued to reside in said county until 1873 ; that there never has been any payment on said alleged debt, either by respondent or any one else ; that he has never made any promise in writing to pay the same, and that it is barred by the statute of limitations of six years."

19

[Lewis v. Teal.]

The cause being again submitted for final decree on pleadings and proof, the chancellor rendered a decree, in November, 1881, holding that the complainant was not entitled to enforce a vendor's lien on the land, but was entitled to the surplus proceeds of sale after satisfying the judgment held by Holley against Bass; and he ordered a sale by the register accordingly. The register sold the lands under this decree, Holley becoming the purchaser at the price of $175, and receiving a deed from the register; but, before the sale was confirmed, the complainant filed an original bill in the nature of a bill of review, alleging that the depositions of non-resident witness, taken by said Holley and used on the hearing, were never in fact taken, subscribed, or sworn to, but were fraudulently imposed on the court by said Holley, or by some other person acting in his interest. The chancellor sustained this bill, and, on the evidence adduced, set aside the former decree, and rendered a decree in favor of the complainant. Holley appeals from this decree, and here assigns each part of it as error, by J. M. Whitehead, as his solicitor.

G. R. FARNHAM, who was not of counsel in the court below, submitted a brief and argument for the appellant, in which he made the following points: (1.) If Ramer was the vendor of Holley, and no note or other writing was executed by Holley, Bass could not enforce a vendor's lien against Holley.—*Bankhead v. Owen*, 60 Ala. 457; *Thoma-on v. Cooper*, 57 Ala. 560; *Micou v. Ashurst*, 55 Ala. 607; *Donegan v. Hentz*, 70 Ala. 437; *Stringfellow v. Ivie*, 73 Ala. 209; *Carroll v. Shapard*, 78 Ala. 358. (2.) The claim is barred by the statute of limitations, and is a stale demand.—15 N. Y. 505; *Baker v. Barclift*, 76 Ala. 414; *Espey v. Comer*, 76 Ala. 501; *Phillips v. Adams*, 78 Ala. 225. (3.) The transaction, as disclosed by the evidence, was a conditional sale.—1 Jones on Mortgages, §§ 257-67. (4.) The transaction was void under the statute of frauds.—*Hatchett v. Trimble*, 55 Ala. 539; *Gallagher v. Mars*, 50 Cal. 23.

W. D. ROBERTS, contra.

STONE, C. J.—Possibly, if the testimony found in this record was before us as a court of original jurisdiction, we might hesitate before finding there was a contract of sale between Bass and Holley. The chancellor found there was, and we are not clearly convinced he erred in so finding. *Nooe v. Garner*, 70 Ala. 443. Nor is it manifest that he

[Thomason v. Gray.]

erred in failing to find anything due to Holley, on the judgment he claims to have purchased from McDuffie.

One of the arguments for reversal invokes the application of the principles of the statute of frauds. Is it raised? The bill avers that Holley's promise to pay for the land was oral, and denies that he has made any payment. There is not even an averment that he ever took possession. In this state of the averments, if there had been a demurrer, assigning this as a ground, the question would have been raised. Not being raised by demurrer, has it been raised by plea, or averment in the answer? Such defense, to be available, must be pleaded, or raised by demurrer, when the averments of the bill, as in this case, authorize demurrer.—*Hughes v. Hatchett*, 55 Ala. 539; *Heflin v. Milton*, 69 Ala. 334; *Clark v. Taylor*, 68 Ala. 453; *Bolling v. Munchus*, 65 Ala. 558; *Phillips v. Adams*, 70 Ala. 373; *Bailey v. Irwin*, 72 Ala. 505; *Shakespeare v. Alba*, 76 Ala. 351. If the allegations of fact necessary to raise this defense are found in the answer, they were not placed there with any view of invoking the statute of frauds. They are simply reiterations of the averments of the bill, and are part of the plea of the statute of limitations. It is not shown that this defense—statute of frauds—was relied on, or called to the attention of the chancellor. Can the defense be made by a purchaser who has received a conveyance?—*Gordon v. Tweedy*, 71 Ala. 202. If there is anything in this defense, we need not and do not consider it, because it is not raised by any assignment of error.

There is evidence of fraud and gross abuse in the attempt to establish the defense relied on, which justifies unfavorable presumptions against its *bona fides;* and the comments of the chancellor in this connection were fully justified. We are not prepared to say substantial justice has not been done in the premises.

The decree of the chancellor is affirmed.