# Espalla & Haynie *v.* Wilson, Sage & Company.

*Action on Bill of Exchange, against Acceptor.*

1. *Proof of execution of instrument sued on; difference between special and common counts.*—In an action against the acceptor of a bill of exchange, the complaint containing a special count on the acceptance, setting out the instrument, and also the common counts, the instrument is admissible as evidence under the special count, without proof of its execution, unless its execution is denied by plea verified by affidavit (Code, § 2676); but not under the common counts.

2. *Error without injury, in rulings on pleadings.*—When the complaint contains the common counts and a defective special count, and the plaintiff establishes his right of recovery under the former, as if the special count had been stricken out, while the defendant has the full benefit of every defense which he could have made under the special count, the overruling of a demurrer to the special count is error without injury.

3. *Motion to strike out pleadings.*—When a pleading is merely informal, or defective—not frivolous, nor a nullity—the court below may, in its discretion, refuse to strike it out on motion, and put the party on his demurrer; and such refusal is not revisable on error or appeal.

4. *Statute of frauds; promise to answer for debt or default of another.* The acceptance of a bill of exchange for the benefit of the drawer, given for the rent of a house, as part of the original contract of lease, is an original contract, founded on valuable consideration, and not a promise or undertaking to answer for the debt, default, or miscarriage of another (Code, § 1732).

5. *Same; how pleaded.*—The statute of frauds, as a defense, must be pleaded, or it will be considered as waived, though presented by the evidence.

6. *Charge as to measure of recovery.*—In an action on an acceptance of a bill of exchange given for the rent of a house, the rent for the first month having been paid, and the tenant having abandoned the premises, after several months occupancy, on the claim that they were not put in tenantable condition; a charge instructing the jury that, if the premises "were put in reasonable tenantable condition, to the satisfaction of the tenant, then plaintiff is entitled to a verdict for the full year's rent," being construed in connection with the evidence, must be intended to have reference only to the disputed liability, and not applying to the rent for the first month, as to which there was no dispute.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Wilson, Sage & Co., suing for the use of T. H. Cox, against Espalla & Haynie as partners;

[Espalla & Haynie v. Wilson, Sage & Company.]

was founded on the defendants' acceptance of a bill of exchange, drawn on them by W. W. Haughton, and was commenced on March 6th, 1886.  The complaint contained the common money counts, and a special count on the acceptance in the statutory form (Code, p. 790, Form No. —), except that the bill of exchange was set out in full, but without copying the acceptance; and it was added that the bill of exchange was entitled to a credit of $17, paid on the·1st December, 1884.  The bill of exchange, as set out in the complaint, was dated October 7th, 1884, addressed to the defendants, and requested them to pay to Wilson, Sage & Co., "agents for Theo. H. Cox, seventeen dollars on the 1st December, 1884, and each month thereafter to November 1st, 1885, inclusive."  The defendant demurred to the special count, (1) because it was not alleged or shown that the acceptance was in writing, (2) because the bill of exchange as set out was void for uncertainty, and (3) because it was discharged by the payment of $17 on December 1st, 1884.  The court overruled the demurrer, and the defendant then pleaded (1) want of consideration, (2) failure of consideration, (3) payment, and three other special pleas, which averred, in substance, that the acceptance was given for the rent of a house, leased by plaintiffs, as agents of said Cox, to W. W. Haughton, at a stipulated rent payable monthly; that plaintiffs agreed and promised to make necessary repairs, and to put the premises into good tenantable condition, but failed to do so; and that Haughton, after notice to them, abandoned the premises because of such failure.  To these three special pleas the plaintiffs filed several special replications, denying that there was any stipulation for repairs in the original contract for rent, or when the bill of exchange was given and accepted; alleging that Haughton continued in the occupation of the premises for eight months or more, and abandoned them at the expiration of the business season; and that defendants, as his agents, had received moneys to be applied to the payment of said bill of exchange.  The defendants. moved to strike out these special replications, on several grounds particularly specified,—fifteen to one, and eleven to another.  On these pleadings the judgment-entry recites the ruling of the court as follows:  "Motion to strike replications from the files overruled.  Came the parties by. their attorneys, and the defendants' motion to hear the demurrers on file is submitted to the court; and the court finding no such motion on file, but a motion to strike the repli-

[Espalla & Haynie v. Wilson, Sage & Company.]

cations from the file, after consideration, the court overruled the motion to strike said replications from the files."

On the trial, as the bill of exceptions shows, the plaintiffs offered the bill of exchange and the acceptance in evidence; and the court admitted them, against the objection and exception of the defendants. It was proved that the accepted bill was given for the rent of a house leased by the plaintiffs, as agents for Cox, to W. W. Haughton, at a monthly rent as stipulated; but the evidence was conflicting, as to whether this was a part of the original contract, or not; the defendants insisting that the lease had already been signed and delivered, before the bill of exchange was presented for their acceptance, and that they accepted it for the accommodation of Haughton, without any new consideration. As to the question of the repairs, the bill of exceptions states: "The proof was without conflict that repairs had to be made, and Haughton knew it before he rented the premises; and there was no conflict whatever in the evidence, as to the fact that Wilson and Cox agreed to repair and make the house tenantable. The plaintiffs introduced several witnesses who had worked in making repairs on said house, and whose testimony was direct and positive, that the premises were duly repaired by Cox, and that Haughton expressed himself satisfied with them; but one of the defendants (Espalla) testified, directly and positively, that the repairs were not made, that Haughton was dissatisfied, and for that reason quit the premises on June 1st, 1885, after repeated notices to Cox and Wilson that he was going to quit on that account." The bill of exceptions purports to set out all the evidence, but a fuller statement of it is unnecessary.

The court gave the following charges to the jury, on request of the plaintiffs: (1.) "The burden of proof is on the defendants in this case to make out a defense; and if the evidence leaves the proof of that defense in doubt and uncertainty, the defendants must be cast in the suit." (2.) "If the jury believe from the evidence that Haughton had not yet delivered the lease to Wilson, Sage & Co., but still held it until Espalla & Haynie accepted the draft; and that they accepted it as security for the rent due under that lease; and that then the lease and draft were delivered together to Wilson; and that Cox, within a reasonable time thereafter, put the leased premises in reasonable tenantable order, and to Haughton's satisfaction; then the plaintiffs are entitled to a verdict for the full year's rent embraced in the acceptance."

The defendants excepted to each of these charges, and here assign them as error, with the several rulings on the pleadings and evidence above noticed.

W. E. RICHARDSON, for appellants.

R. INGE SMITH, *contra.*

CLOPTON, J.—We do not deem it material to consider the demurrer to the special count of the complaint; for, if conceded to be defective, it does not necessarily operate a reversal of the judgment. The complaint contains also the common counts. The special count claims of the defendants as acceptors of a bill of exchange. After following the form in such case prescribed by the Code, the special count sets out, *in hæc verba,* the draft or bill of exchange sued on, without showing an acceptance written thereon. The plaintiffs may recover under the special or common counts. The only difference is, that under the special count, the draft was receivable in evidence without preliminary proof of its execution, unless denied by verified plea, which was not filed; under the common counts, proof of execution was requisite to the admission of the draft in evidence. True, it was received without such proof; but, its execution having been subsequently proved, cured the defect. It affirmatively appears from the record, that the plaintiffs established by satisfactory proof their right to a recovery on the common counts, though the special count had been omitted or stricken out; and the defendants had had the full benefit of every defense which they could have made under the special count. Under these circumstances, if there was error in overruling the demurrer to the special count, it was without injury.

Several of the assignments of error relate to overruling demurrers to the replications filed to the special pleas. The record shows a motion to strike out the replications, but no demurrer interposed. When a plea is merely defective, not frivolous, nor a nullity, the trial court may, in its discretion, refuse to entertain a motion to strike out, and put the party on his demurrer. The refusal to strike out the replications is not revisable on error.—*Lankford v. Green,* 62 Ala. 314.

The court instructed the jury, that the burden was on defendants to establish their defense, and if the evidence left it in doubt and uncertainty, they must fail. The correctness of the charge, as an abstract proposition, is not contro-

[Espalla & Haynie v. Wilson, Sage & Company.]

verted. But it is insisted, that the evidence, *prima facie*, shows that the acceptance was an agreement to answer for the debt or default of another, and, not expressing the consideration, is within the statute of frauds, and that the burden of proof was thus shifted on plaintiffs. Defendants' acceptance of the draft was given by Haughton, the drawer, in consideration of the rent of a store-house for twelve months, and was part of the original agreement to lease. It was not a collateral promise, but an original, substantive contract, founded on a present, valuable consideration moving to Haughton. No question as to the statute of frauds arises on the evidence.—*Dunbar v. Smith*, 66 Ala. 490. If the evidence presented such question, the defense, under the statute, must be pleaded; otherwise it is considered as waived; and if the contract sued on be established, it will be enforced —*Jonas v. Fields*, 83 Ala. 445; *Lewis v. Teal*, 82 Ala. 288; *Shakspeare v. Alba*, 76 Ala. 351.

The defendants also set up the defense, that the lessor had failed to make repairs on the leased premises, as agreed upon; in consequence of which, the lessee abandoned them, after having occupied them several months. There being evidence tending to show that the lessor had put the premises in a tenantable condition, to the satisfaction of the lessee, the court instructed the jury, on this hypothesis, that plaintiffs were entitled to recover the rent for the full term. The rent was payable in monthly installments, and the installment for the first month had been paid. It is contended that the effect of the charge is, that plaintiffs were entitled to recover the face amount of the acceptance, disregarding the payment made. In view of the defense and the evidence, we understand that the charge was intended by the court, and must have been so understood by the jury, as an instruction in respect to the extent of the liability of defendants—whether for the entire term of the lease, or only for the time the premises were actually occupied. The amount of the verdict shows that the payment was allowed. It may be, as counsel insist, that it exceeds the sum actually due by a few dollars; but, if so, the mistake arose from a miscalculation of interest, or error in the addition, and not from a disallowance of the payment. The correction of such error, if its exists, was for the Circuit Court, and can not be revised on appeal.

The record presents no reversible error.

Affirmed.