**PROWELL v. WILSON.  (1 Div. 480.)**

Supreme Court of Alabama.  Jan. 24, 1929.

Rehearing Denied May 30, 1929.

Further Rehearing Denied June 27, 1929.

Monette & Taylor, of Birmingham, for appellee.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

BROWN, J. Complainant, W. J. Wilson, appellee here, filed his bill of complaint in the circuit court of Clarke county, in equity, on March 24, 1924, against the appellant, Prowell, to set aside a contract made by said Wilson with said Prowell on January 10, 1920, and to divest Prowell of the title to the fee in tract No. 1, conveyed by complainant and his wife to said Prowell on January 23, 1920, and to have Prowell declared trustee for Wilson of one-half the profits arising out of the sale of the lands and timber which were the subject-matter of the contract of January 10, 1920, and for a reference to the register to determine what said profits were. The bill alleges fraud in the obtaining of the contract, and of the deed.

The contract of January 10, 1920, for a paid consideration of $500 in cash, gave said Prowell the right to take up certain options held by said Wilson upon certain lands and timber therein described, known to the parties as tracts 1, 2, and 3, tract 1 being lands in fee, tracts 2 and 3 timber and timber rights only. These options were to expire January 30, 1920. It was provided that, if Prowell should take up said options, he was to pay the purchase money to the grantors, to repay Wilson all sums expended by him and his expenses in obtaining the same, not to exceed $3,000, and to give Wilson one-third of all the net profits derived from the resale of said lands and timber, but provided that Prowell might at any time before all the property was sold, pay Wilson the sum of $5,000, less the $500 paid as consideration for the contract for his (Wilson's) interest in the profits. The deed of January 23, 1920, was made in compliance with the provisions of the contract, and conveyed to Prowell the fee simple lands known as tract 1.

So far as appears, there was no effort on the part of Prowell to exercise the alleged options.

The sufficiency of the averments of the bill was not tested by demurrer, nor was answer filed, the respondent electing to present his defenses by special pleas.

Plea 1 filed to the original bill is one of accord and satisfaction, based upon an agreement between the parties, which is made an exhibit to the plea. Plea 3 avers that complainant's demand was stale, and pleas 4 and 5 aver that the complainant was guilty of laches in the assertion of his claim.

Subsequent to the filing of these pleas the complainant amended his bill by adding paragraphs 11, 13, and 14.

Paragraph 11 avers: That "as a part of the respondent's scheme and design to obtain complainant's said timber and timber lands without paying an adequate consideration therefor, the said respondent by false and fraudulent representations obtained complainant's signature to what purported to be an agreement of settlement dated July 9th, 1920," and, when complainant refused to sign said agreement because it failed to provide for the reconveyance of the lands mentioned therein to complainant, in accordance with the understanding and agreement between the parties, that respondent reassured complainant that it had been his intention to reconvey said land to the complainant in accordance with his promise at the time the land was conveyed to respondent, and that he still intended to convey these lands to complainant, but that it was impracticable for him to do so at the time on account of the condition of respondent's wife, who was at the time, according to respondent, confined to her bed and too sick and nervous to attend to business or execute any paper whatsoever. Respondent informed complainant that it was the purpose of said agreement (of settlement) to get the business of complainant and respondent in some definite shape, and promised and agreed to "convey to complainant the lands described in the original bill * * * as soon as the wife of the respondent was physically able to join in the deed. * * * Respondent made said promise and agreement as a part of the consideration of the contract" of settlement. "That the said promise to convey said lands was made for the purpose of deceiving complainant and procuring his signature to the said contract; that complainant was deceived by the said promise and relying upon the same signed the said contract on the day named; that the respondent at the time of making the said promise for the purpose of deceiving the complainant *had no intention of carrying out the said promise,"* etc.

Paragraph 13 avers: That "as a part of the respondent's scheme and design to obtain complainant's signature to the contract set out in respondent's plea, the respondent falsely and fraudulently represented to complainant that no profits had been derived from handling tracts one and two referred to in the original bill of complaint; that the purchaser had not paid anything on said tracts and that it would be necessary for respondent to take over said tracts and resell or cut the timber himself, but that if he did succeed in selling said tracts referred to as No. one and two and made profits thereon, that he would then divide the profits with complainant and he and complainant could do this and save the expense that would be incurred in court costs and attorney's fees in litigating the suit that was then pending. Complainant further alleges and charges that the said representations as to said tracts No. one and two were false and fraudulent and made for the purpose of deceiving complainant and in obtaining his signature to the contract set up in said plea and by means thereof did deceive the complainant and obtain his signature to said contract. That the profits made by the respondent on said tracts amount-

ed to several thousand dollars, to-wit: $40,-000.00, which respondent well knew at the time of the said false representations made to complainant, which was unknown to complainant at the time and of which he had no means of knowing or ascertaining other than from the respondent."

And paragraph 14 avers: "That promptly upon the discovery that the false and fraudulent representations and matters complained of by complainant herein were false and fraudulent, complainant filed his original bill herein."

To the bill, as thus amended, the respondent refiled pleas 1, 3, 4, and 5, and filed additional pleas designated 2 and A. Plea 2 in general terms denies the averments of paragraph 2 of the bill as amended.

Plea A, though treated in brief and argument as a plea res adjudicata, is predicated upon the agreement of settlement attached to plea 1 as an exhibit, which is referred to and made a part of said plea A, with additional averments as to the contents and scope of the pleading in the former suit between the parties, and shows the dismissal of said suit on the motion of the complainant, in accordance with the alleged agreement of settlement; the dismissal carrying not only to the bill filed by the complainant, but the cross-bill filed in that suit by the respondent here. Therefore, treating the plea according to its tenor and the facts averred, it, like plea 1, is one of accord and satisfaction and must stand, if at all, upon the agreement of settlement.

■ On final submission on the pleadings and proof, the circuit court, after holding the pleas insufficient, entered a final decree directing the register to execute to the complainant a deed conveying all of the right, title, and interest of the respondent in and to the lands described as tract 1 in the bill, and decreed that respondent pay to complainant one-half of the profits derived from the sale of the timber on tracts 1 and 2 to the Patton Lumber Company. Appellant's major contention is, to state it in the language of his brief: "It is to be borne in mind that this submission relates strictly to the proof of respondent's pleas, which if they are proven and good, unquestionably constitute a bar to complainant's suit, and only the matters and things relevant to the proof or disproof of the pleas are proper to be considered on the issues under the pleadings." (Italics supplied.)

This contention, when limited to the pleas asserting affirmative defense, in the absence of an answer putting the complainant to proof of the averments of the bill, is unquestionably sound. Mr. Sims, in his work on Chancery Practice, states the rule thus: "As the name implies, pleas were introduced from the common law and are founded upon the theory of common law pleading that whatever is not denied is admitted. * * *

The bill to the extent that it is covered by the plea is thereby confessed; and if the defense set up by the plea is found to be good, the only matter at issue is the truth of the plea."—Sims, Ch. Pr., §§ 452, 465; 2 Daniel, Ch. Pr., 789; Story, Eq. Pl., 697; State ex rel. Phillips.v. Benners, Chancellor, 172 Ala. 168, 55 So. 298; Tyson et al. v. Decatur Land Co., 121 Ala. 414, 26 So. 507; 10 R. C. L. 463, §§ 231, 232, 233; Stead v. Course, 4 Cranch, 403, 2 L. Ed. 660; Rhode Island v. Massachusetts, 14 Pet. 210, 10 L. Ed. 423; Farley v. Kittson, 120 U. S. 303, 7 S. Ct. 534, 30 L. Ed. 684; Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075; 21 C. J. 455, 505.

■ The sole purpose and scope of the statute, Code of 1923, § 6547, in so far as it deals with special pleading in equity, was to save the complainant from a waiver of the question of the sufficiency of special pleas, by taking issue thereon without first having the sufficiency of the plea tested, leaving the court at liberty to determine the sufficiency of the plea on the submission of the issue of law and fact, avoiding the application of the rule made in Tyson v. Decatur Land Co., 121 Ala. 418, 26 So. 507. See Phillips v. Birmingham Industrial Co., 180 Ala. 311, 60 So. 896; Pearce v. Rice, 142 U. S. 28, 12 S. Ct. 130, 35 L. Ed. 925; Green v. Bogue, 158 U. S. 478, 15 S. Ct. 975, 39 L. Ed. 1061; 10 R. C. L. 463, § 132.

■■ We have not overlooked the provision in the statute that, if the complainant's "bill contains equity and is proved, he shall have the appropriate relief," notwithstanding an "immaterial, irrelevant, insufficient, or untrue plea" is interposed and proved, nor the expression in the opinion of the court in Phillips v. Birmingham Industrial Co., supra. The statute deals with defenses by answer as well as plea, and, to put the complainant to proof of the averments of the bill, the averments must be denied, and, if not denied and the defendant relies on a special affirmative defense, in confession and avoidance, going to the bill as a whole, the confession, if the plea fails for want of proof or is insufficient, becomes conclusive as proof of the averments of the bill. Pearce v. Rice, 142 U. S. 28, 12 S. Ct. 130, 35 L. Ed. 925; Green v. Bogue, 158 U. S. 478, 15 S. Ct. 975, 39 L. Ed. 1061; 10 R. C. L. 463, § 233. To construe the statute to mean that the complainant may not rely on the confession of the averments of the bill by the pleas, but must prove the averments of the bill, notwithstanding such confession, would be to upset the whole theory and purpose of special pleading, which is to narrow and confine the issues to those presented by the pleas. Sims, Ch. Pr., 298, § 452; 21 C. J. 455, § 505. Such construction would render an answer practically useless, and would permit the defendant to speculate as to his defenses without assuming the burdens incident to special pleading.

■ The effect of the protestation embodied

in the caption of the pleas is to prevent the defendant from being concluded in another suit by the admissions made, but does not save him from the confession of the averments of the bill in the pending case. Shipman, Eq. Pl., 420; Story, Eq. Pl., 694; Beames, Eq. Pl., 46, 47.

With these principles in view, and with the further observation that the bill is single in its purpose—to protect and enforce such equitable rights a complainant may have, and to avoid unfair advantage acquired by the defendant through fraud—we proceed to a consideration of the defenses asserted. Plea 2, as before stated, merely denies the averments of paragraph 2 of the bill, as amended, relating to the complainant's legal and equitable rights in the property involved before the defendant appeared in the picture.

Giving to these averments the interpretation put upon them by the appellant in presenting his case here, they have been proved without material conflict in the evidence. In fact it is not controverted that complainant had acquired certain options to purchase the lands and timber; that he had paid a part of the purchase money; that conveyance had been executed and deposited with the bank at Grove Hill, in escrow, pending the payment of the balance due under such options, and that complainant was embarrassed and unable to make the required payment.

In truth and fact it appears that all of the appellant's rights and interest arose out of these circumstances and his intervention to aid the complainant in meeting this situation.

■ It must be conceded that plea 1, as filed to the original bill, setting up the agreement of July 9, 1920, in bar of the complainant's rights as asserted in the original bill, presented a good defense, and, if the complainant had rested his case on the original bill, without amendment, the defendant, on proof of this plea, would have been entitled to a decree dismissing the bill. But this the complainant did not do. He amended his bill, and the defendant refiled this plea to the bill as amended. The bill as amended avers that the signature and assent of the complainant were obtained to this agreement by fraud, not only by defendant making an independent oral agreement to reconvey the lands, less the timber rights which complainant had conveyed to him, and which defendant at the time had no intention of performing (Code of 1923, § 7354, subd. 4), but defendant falsely and fraudulently represented that no profits had been made in the sale of the timber to the Patton Lumber Company, and thereby obtained the complainant's assent and signature to said agreement of settlement; that this fraud was but a part of the defendant's general scheme to defraud the complainant and acquire his interest in the property for an inadequate consideration. These averments are not merely in negation

or denial of the facts averred in the plea, as was the case in Cartwright v. West, 173 Ala. 198, 55 So. 917, but are affirmative in character, and the effect of the amendment was to meet and overcome the defense pleaded, rendering the plea insufficient as a defense to the bill as amended. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95; American Freehold Land Mortgage Co. v. Dykes, 111 Ala. 178, 18 So. 292, 56 Am. St. Rep. 38; Brunson et al. v. Rosenheim & Son, 149 Ala. 112, 43 So. 31; Clark v. Whitfield, 213 Ala. 441, 105 So. 200. And this is true, though we lay out of view the defendant's alleged fraudulent promise to reconvey the lands to complainant.

■ If we assume that the statute of limitations of one year is applicable to the cause of action on which the bill is rested, and that pleas 3, 4, and 5 are sufficient to assert this defense, the amendment to the bill, averring that "promptly upon the discovery that the false and fraudulent representations and matters complained of by complainant herein, were false and fraudulent, complainant filed his original bill here," in the absence of demurrer testing their sufficiency, must be treated as sufficient to prevent the bar. While it must be conceded that an averment, that the bill was filed within 1 year from the discovery of the fraud, would have been more definite and certain, yet the bill could not be said to have been filed "promptly" upon the discovery of the fraud, if not filed within the period allowed by the statute after its discovery. So, viewing the case, we entertain the opinion that this amendment of the bill was enough to show that these pleas were insufficient in law. Henry v. Allen, 93 Ala. 197, 9 So. 579; Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am. St. Rep. 55. The fraud alleged is not mere passive silence, but positive misrepresentation, and the rule of Van Ingin v. Duffin et al., 158 Ala. 318, 48 So. 507, 132 Am. St. Rep. 29, and Peters Mineral Land Co. v. Hooper et al., 208 Ala. 324, 94 So. 606, is not applicable.

■ Another view, and the correct view to be applied here, is that the bill, at least in part, seeks to recover the land retained by Prowell in tract No. 1, less the timber rights conveyed to the Patton Lumber Company, a conveyance of which to Prowell was superinduced by fraud, and as such is subject to the statute of limitations of 10 years, and therefore these pleas were insufficient. Van Ingin v. Duffin, supra; Davis v. Harris, 211 Ala. 679, 101 So. 458.

■ What we have said as to the substance and scope of plea A would seem to be sufficient to demonstrate that this plea is likewise insufficient in law as a defense to the bill as amended, but we venture the further suggestion, that the bill filed in the first suit and subsequently dismissed in pursuance of the alleged agreement of settlement only asserted the right of the complainant in that

suit in the proceeds of the sale of timber to the Superior Lumber Company, involving tract No. 3, and the mortgage executed by said company to secure the payment of the purchase price thereof. While the cross-bill filed by Prowell in that suit asserts his rights under the previous contract, alleged here to have been procured by fraud, in tracts No. 1 and 2, and the effect of the dismissal of the entire suit was to carry the cross-bill, as well as the original bill. Therefore, to treat the decree of dismissal as res adjudicata, while it would conclude complainant to assert any interest in the proceeds of the sale to the Superior Lumber Company, it would likewise be conclusive on the rights of Prowell, asserted in the cross-bill. The estoppel to operate as res adjudicata must be mutual. 3 Mayf. Dig. 1158, § 31; 15 R. C. L. 956, § 432.

The averments of the bill being confessed by the pleas, we are not here concerned with the rule of evidence which excludes oral representations or promises made contemporaneously with the execution of a writing, that are contradicted by the representations and agreement embodied in the writing itself, as going to show that such oral representations and agreements were not relied on.

Nor are we concerned with the statute of frauds, as that defense was in no way asserted in the trial court, and cannot be raised for the first time on appeal. Lewis v. Teal, 82 Ala. 288, 2 So. 903.

As to the suggestion that the Patton Lumber Company is a necessary party, we deem it only necessary to say that the bill does not seek to deprive it of the timber and timber rights purchased from the respondent, but only seeks to restore to the complainant such rights in the lands as Prowell retained, and the decree of the circuit court gives effect to this claim to that extent only.

Taking the averments of the bill as confessed, the transaction between the parties was a joint enterprise, the parties to share equally in the profits, creating relations of confidence requiring utmost good faith and fair dealing. Yet, by the fraudulent representation of the respondent, that it was necessary to take into the enterprise, in order to get him to advance the money to finance the matter, a banker whose name could not be disclosed, the respondent induced the complainant to agree to take only one-third, and by the further representation, that it was necessary that complainant convey the title to fee simple tract 1 to respondent in order to get the banker to come in, he obtained the execution of the deeds from complainant.

Fraud will vitiate any, even the most solemn, transaction; and an asserted title founded on it will not be permitted to stand in a court of equity. Enslava v. Enslava, 50 Ala. 32; Lehman v. Shackelford, 50 Ala. 437; Humphreys v. Burleson, 72 Ala. 1; 4 Pom., Eq. Juris., 1804; 22 C. J. 1215; Hooker v. Wilson, 69 Okl. 43, 169 P. 1097;

Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; Hopkins v. Danby School District, 27 Vt. 281; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 110.

It clearly appears that through the sale of the first lot of timber and timber lands to the Superior Lumber Company, the enterprise was financed, and respondent admits in his answer, to the interrogatories filed to him under the statute, that a clear profit of $35,000 was realized by the sale of the other timber rights to the Patton Lumber Company. Under these circumstances a reference to the register was unnecessary.

The proceedings of the trial court appear to be free of reversible errors, and are due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

BROWN, J. As pointed out in the foregoing opinion, appellant in argument and brief on submission limited the questions to be considered to the sufficiency of the pleas and "*matters and things material and relevant to the proof or disproof of the pleas*."

One of appellant's contentions now is that plea 2 was intended to go to paragraph 11 of the bill as amended, and, through typographical error or error of the stenographer, it was in fact addressed to paragraph 2 of the bill as amended; but notwithstanding this fact the parties treated the plea as denying said paragraph 11.

If this contention was conceded and the plea treated as putting in issue the averments of paragraph 11, imposing on the complainant the burden of proving this paragraph, and if it be further conceded that complainant has failed to sustain the averments of paragraph 11, still paragraphs 12 and 13 of the bill as amended, confessed by the pleas, show fraud in the procurement of the alleged settlement sufficient to avoid the settlement and entitle the complainant to relief.

Another contention of the appellant, made for the first time on rehearing, is that there is no footnote on the several amendments made to the bill requiring an answer. We are of opinion that the defendant waived this defect by failing to take the objection in the trial court, and by pleading to the bill as amended.

Another contention is that it appears from the record that the court considered the case as though the averments of the bill were denied, and the case should be so treated here.

This contention is answered by the statement in the brief filed on submission of the case in the trial court and the recitals in the decrees of the court. In brief submitted to the trial court, which has been copied in

652

the record, we find this statement by counsel for the respondent in respect to the questions to be considered by the chancellor: "We do not deem it necessary to state here the issues raised by the bill of complaint, as amended, and respondent's several pleas. All of these are part of the record and the submission of the case is made upon them as well as the testimony and other documentary evidence introduced. It is to be borne in mind, however, that this submission relates strictly to the proof of respondent's pleas, which, if they are good, unquestionably constitute a bar to the complainant's suit, *and only the matters and things material and relevant to the proof or disproof of the pleas are properly to be considered on the issues under the pleadings.*"

The decree of September 20, 1927, recites that: "This cause coming on to be heard on the pleas of respondent, filed to the bill of complaint, and the proof in support and against the same as noted by the register, the Court has carefully considered the same, together with able brief filed by the respective solicitors. * * * It is ordered, adjudged and decreed by the Court that the pleas of the defendant interposed to the bill as last amended, together with the proof offered in support thereof, do not constitute a defense to the same, and that said pleas be and the same are hereby overruled. It is further ordered, adjudged and decreed by the Court that respondent be and he is hereby allowed thirty days in which to answer the bill of complaint."

The respondent failed to avail himself of the right to file an answer, and the final decree contains the following recital:

"In this case a decree was rendered on the 20th day of September, 1927, overruling respondent's pleas and allowing respondent thirty days within which to answer the bill. Solicitors for both respondent and complainant have stated to the Court that in their opinion the decree should have gone to the merits of the case, and have requested the Court to render a final decree herein, and upon considering said request and the agreement of the solicitors for both respondent and complainant, the Court is of opinion that it will be to the best interest of the parties hereto to render a final decree in accordance with the request and agreement of the solicitors of the respective parties thereto.

"This cause coming on for further consideration upon the pleadings and proof submitted hereunder, and noted by the register, the Court has carefully considered the same, and respondent's pleas having been heretofore overruled by the Court on the grounds set forth in said decree, the Court is of opinion that the complainant is entitled to the relief prayed for in his bill of complaint as amended."

These recitals show conclusively that the respondent relied on defenses asserted in the several pleas, and no other and that these were the only matters considered and adjudged by the court. The further recitals in the final decree as to the merits of the controversy, other than the ascertainment of the amount complainant was entitled to recover, may well be referred to the confessed averments of the bill, and though the averments of the bill, as confessed, would have justified a decree for a greater amount than complainant was allowed to recover, the appellant cannot complain that the court looked to the respondent's answers to the interrogatories to fix the amount, less than the amount shown by the averments of the bill, as confessed by the pleas.

It is further suggested in argument that the integrity of counsel who drew the agreement of settlement is involved in the issues presented on this appeal. This suggestion is fully answered by the fact that there is not the slightest suggestion in the averments of the bill that they were guilty of fraud or deception, and the result depends here, as it did in the court below, on the averments of the bill as confessed by the pleas.

In disposing of the case, the court has confined its consideration to the issues of law and fact as presented on the record, and the result heretofore announced is inescapable, unless the law and science of pleading, so essential to the administration of the justice in the court, be wholly disregarded. Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; 2 Hughes on Prop. 474; T. C., I. R. Co. v. Smith, 171 Ala. 251, 55 So. 170.

The application for rehearing must therefore be overruled.

Overruled.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.