168 So. 583

## BARNETT v. WILLIAMS.

### 6 Div. 817.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied June 11, 1936.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Wm. S. Pritchard and Jas. W. Aird, both of Birmingham, for appellee.

**BROWN, Justice.**

The case was submitted to the jury on counts 5 and B, trover for the conversion of $3,500 in cash, both in statutory form and identical in averment, except one of said counts, 5, states the date of the conversion under videlicet; the other does not.

And counts A and C, special assumpsit for breach of contract. Count A avers that "on to-wit the 1st day of March 1933," the defendant and W. C. Bryant were associates in business, being stockholders in the Jefferson Motors Company, a corporation, engaged in the automobile business; that defendant stated to the plaintiff that, while said corporation was financially involved, it owned certain valuable assets; that there was then in process of organization a new corporation, with total capital of $15,000; that said new corporation would, with the said sum, acquire certain assets of the Jefferson Motors Company, and would operate an automobile business in Jefferson county similar to that formerly operated by Jefferson Motors Company; that Bryant was short part of the money necessary to pay for his stock in the proposed new corporation, and that, if plaintiff would lend said Bryant $3,500 in cash, this would enable the new corporation to be completed and the stock therein to be paid for by said Bryant; "that on said date he deposited with the defendant J. Mercer Barnett, the sum of Three Thousand Five Hundred and 00/100 ($3,500.00) Dollars cash in escrow, with the agreement that the said Barnett would hold the said cash in his possession until the organization of the said new corporation had been completed, and upon the further condition that the said W. C. Bryant would deliver over to the said J. Mercer Barnett one-half (½) of the capital stock of the new corporation, .to-wit, seventy-five shares of stock at the par value of $100.00, to be attached to a note as collateral security for the loan of the said Three Thousand Five Hundred and 00/100 ($3,500.00) Dollars, by the plaintiff to the said Bryant"; that defendant breached said contract on, to wit, the 1st day of March, 1933, in that he delivered said sum of money to said Bryant without receipt from him of said stock in said new· corporation as collateral security for such loan, and before such new corporation was organized.

Count C avers that "on, to-wit, March 1st, 1933, plaintiff deposited with defendant J. Mercer Barnett, as escrow agent, $3,500.00 in cash, with the oral agreement that said defendant was to retain the custody and possession of said money until the Jefferson Motors Company, a corporation, the stock of which was owned by the defendant, J. Mercer Barnett, and W. C. Bryant, until the said corporation secured a franchise or right to sell in the City of Birming-

ham, Jefferson County, Alabama, automobiles manufactured by a corporation known as, to-wit, Continental Motor Company; that said escrow agent was to hold said money until said contract was actually secured by the said Jefferson Motors Company; that upon the said corporation's securing the said contract the said J. Mercer Barnett was to deliver over the said $3,500.00 in cash to the said Bryant, to be used as capital in the said Jefferson Motors Company; the said money to be used in paying for stock which the said Bryant had owned or subscribed for in the said corporation"; that defendant breached said contract, in that he delivered said money to Bryant before the said Jefferson Motors Company secured the franchise or right to deal in the products of the Continental Motor Company.

The pleas were the general issue and special plea of estoppel, setting up ratification of the defendant's delivery of the money to Bryant, in that, after its delivery, the notes and stock of Bryant were delivered to plaintiff by one Kidd "within to-wit three weeks subsequent to March 1st, 1933, at the office of the Jefferson Motors Company in Birmingham, Ala.; that plaintiff inspected the stock and while in the presence of Kidd and accepted same and in acknowledgment thereof delivered to Kidd the receipt given him by Barnett for the $3,500.00 when he deposited same with Barnett; that plaintiff retained said notes and stock and has continued to hold same and still owns same so far as defendant is advised; and that he has not returned same nor offered to return same nor held himself out as ready, willing and able to return same to the said Kidd or to defendant."

The quoted averments of the counts ex contractu state the substance and legal effect of the contract; the other averments are matters of inducement.

The appellant's first insistence is that the evidence lends no support to any one of said counts, and therefore the court erred in refusing the general affirmative charge and a like charge as to each of said counts.

One phase of the evidence goes to show that at the time of the transaction with plaintiff, the basis of this action, the defendant was the president and beneficial owner of all of the stock of the Jefferson Motors Company, a corporation that had been engaged in the automobile business for several years; that Kidd and Bryant were nominal stockholders, probably dummies, the first named being vice president and general business manager, and the other the secretary and office manager; that said corporation was in financial distress, and defendant was the guarantor of some of its obligations for several thousand dollars, and was anxious to get out of said business; that said Kidd, though he testified that he severed his connection from the said business in 1932, was in fact the active managing head of said business, and in fact participated in and signed some of the reissued shares of the stock of said Jefferson Motors Company in March, 1933; that said Bryant, the secretary and office manager, was without means, and was, admittedly, trying to induce persons having capital to participate in organizing a new corporation to take over the wreck of the old corporation or participate in rehabilitating the old; that said Bryant learned through the foreman of the service and repair shop, a friend of the plaintiff, that plaintiff had money on deposit or in safety deposit, and defendant, Kidd, and Bryant conspired and confederated to induce plaintiff to surrender possession of $3,500 in cash to the defendant, ostensibly to be held in escrow, but which was in fact immediately put into the coffers of said expiring corporation, to relieve defendant from some of his obligations; that the notes of said Bryant and the reissued stock, the only security said defendant, Kidd, and Bryant ever intended to furnish plaintiff, were wholly worthless.

If these were the facts attending said transaction, and the jury had the right to so find from the evidence, the defendant not only tortiously acquired the possession of the money of the plaintiff, but wrongfully disposed of it, and he is entitled to maintain trover, without previous demand, if he did not subsequently, with full knowledge of the fact, ratify the act of the defendant. Clay County Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407; Ensley Lumber Co. et al. v. Lewis, 121 Ala. 94, 25 So. 729; Bradley et al. v. Harden, Adm'r, 73 Ala. 70; 65 C.J. p. 42, § 56, p. 45, § 59.

Another phase of the evidence was that said money was left in escrow with the defendant to be held by him until a new corporation was organized to engage in the automobile sales business in the city of Birmingham, when it was to be delivered to said Bryant as a loan to pay for stock in said new corporation, and Bryant's note with one-half of the stock in said new corporation was to be attached as collateral and delivered to defendant for plaintiff. No such

corporation was ever organized, and there is evidence tending to show that said money was immediately delivered to Bryant as agent for the old corporation and deposited in the bank to the credit of said corporation. This phase of the evidence supports count A of the complaint as amended.

There is another phase of the evidence brought into the case by the defendant's testimony; that is, that said money was deposited with him in escrow to be delivered to Bryant as a loan when said Jefferson Motors Company acquired from the Continental Motor Company a contract or franchise authorizing the Jefferson Motors Company to sell the products of the Continental Motor Company. There is also evidence tending to show that the money was delivered to Bryant or the Jefferson Motors Company before said contract or franchise was obtained. This phase of the evidence goes to support count C.

Both the plaintiff and the defendant testified, in effect, that the escrow agreement was verbal. The defendant's testimony goes to show that the agreement was made before the 1st of March, 1933, either in December, 1932, or February, 1933, while the testimony of the plaintiff tends to show that it was made on March 1, 1933; and there is evidence tending to show that the money was delivered to Bryant on March 1, 1933, and by him immediately deposited to the credit of the Motors Company, at a time when defendant, Kidd, and Bryant were all present.

The burden was on the defendant to sustain his pleas of estoppel—ratification—and at best, under the evidence, the question was one for the jury, and the evidence warranted the inference that defendant's promises and assurances to plaintiff to see that he was not hurt were but a part of the tortious scheme through which defendant, Kidd, and Bryant obtained dominion over plaintiff's property and deprived him of its possession, without any intent to give him value therefor or comply with the agreements and promises to do so. Code 1923, § 7354, subsec. 4; Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

There was evidence going to show that plaintiff tendered the notes and stock to the defendant and demanded the return of the money, and also that said stock and notes were without value. It further tends to show that the money was wrongfully delivered, and therefore that the title did not pass to Bryant, but was converted by the defendant. 65 C.J. p. 66, § 107(3).

The contention that there was a variance between the averments of count B and the proof, as we have shown, is without merit. If plaintiff's testimony was believed, the money was delivered to the defendant by the plaintiff on March 1, 1933, and, even though this version of the evidence was discarded, still there is evidence going to show that defendant turned the money over to Bryant or the Jefferson Motors Company on March 1, 1933, and that the alleged agreement had not then been complied with. This unauthorized delivery constituted a conversion.

Moreover, the question of variance was not raised on the trial as required by rule 34 of Circuit Court Practice by bringing such variance "to the attention of the said trial court *by a proper objection to the evidence.*" (Italics supplied.) Code 1923, vol. 4, p. 906, rule 34; Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; United States Health & Accident Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340; Morrison et al. v. Clark, 196 Ala. 670, 674, 72 So. 305; Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432.

Charges refused to defendant designated G, I, D, J, F, and unnumbered charges, the bases of assignments of error 18 and 20, were well refused as invasive of the province of the jury.

Refused charge, the predicate of assignment of error 22, was covered by charge given for defendant (See Record, page 30 and unnumbered charge).

It cannot be affirmed that the verdict of the jury is contrary to the great weight of the evidence. The motion for a new trial was overruled without error.

The other questions argued have been considered, and we find nothing that requires further treatment.

The record and proceeding of the circuit court appear free from reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.